53 299
53 305

## DOUGALD McARTHUR v. DAVID D. OLIVER.

*Joint defendants—Judgment vacated as to one—Trover on award.*

1. A judgment against two persons was, as to one of them, set aside on his motion, and in subsequent proceedings under the same declaration both defendants pleaded. *Held,* that as neither relied upon the former judgment as a bar, error could not be assigned on the assumption that it had remained in force against either.

2. An order vacating a judgment as to one of two defendants cannot, in a subsequent suit against them both for the same cause of action, be treated as merging the whole claim in a judgment against the other defendant, if court, counsel and parties have meanwhile dealt with the judgment as wholly set aside.

3. An award stating that the right of possession and ownership of certain property is in a specified party is conclusive upon those questions; and in an action of trover based on the award there is no prejudicial error in refusing to charge that plaintiff can only recover on the strength of the award and not of his previous ownership. And while evidence of such ownership is immaterial its admission cannot prejudice defendant.

4. In trover based on an award, there is no error in refusing to charge that plaintiff cannot recover more than the penalty of the submission bond, the action not being for that purpose.

5. A replevin suit was begun by partners, and after the partnership was dissolved, but before the settlement, the matter in dispute was submitted to arbitration by one of the partners in the firm name. The other did not repudiate this action but merely said that he was not to be held liable under it. *Held,* that this was not enough to release him in an action of trover based on the award.

Error to Alpena. (Green, J.) Jan. 17.—April 16.

TROVER. Defendant brings error. Affirmed.

*A. C. Maxwell* for appellant. A judgment against several, if set aside as to one, remains in force as to the rest : Freeman on Judgments 232 ; *North v. Mudge* 13 Ia. 496 ; an arbitration is merely an agency to settle the matter submitted : Morse on Arbitration ; it cannot always divest the title to property : *Hunter v. Rice* 15 East 100 ; a submission to an award made by one of the members of a dissolved firm for

both is valid as to the one who makes it: *Strangford v. Green* 2 Mod. 228; *Harrington v. Higham* 13 Barb. 660; *Karthaus v. Ferrer* 1 Pet. 222; *McBride v. Hagan* 1 Wend. 326; *Jones v. Bailey* 5 Cal. 345.

*J. D. Turnbull* for appellee.

CHAMPLIN, J.   In 1868 defendant Oliver and one George J. Robinson were copartners, carrying on business at Ossineke, Michigan.   At this time and previously, plaintiff had been at work for the partners in carrying on their lumbering operations, and had and claimed to own certain personal property, consisting of horses, oxen, wagons, sleighs, chains, blankets, etc., etc., which the firm of Oliver & Robinson took from his possession by virtue of a writ of replevin.   The next step was an arbitration entered into by plaintiff and by Robinson in behalf of the firm.   The submission was signed by McArthur, and in the firm name, by Robinson, and was of all actions and causes of action, suits, claims and demands whatsoever, then pending, existing or held by and between each other. The submission does not appear to have been under seal.   The arbitrators chosen were Obed Smith and True P. Tucker. Witnesses were produced before these arbitrators, and among those who appeared and were sworn and testified in behalf of the firm was the defendant David D. Oliver.   The arbitrators made the following award:

" The arbitration appointed to settle and determine the matter and differences between George Robinson and David D. Oliver, composing the firm of Robinson & Oliver of the one part, and Dougal McArthur of the other part, do hereby adjudge and determine as follows, to-wit:

1st.  That the property consisting of horses, oxen, harness, sleighs, wagon, chains, blankets, cow and calf, and all other goods and chattels which the said Robinson & Oliver took from said Dougal McArthur by virtue of a writ of replevin, was legally held, and the right of possession and ownership of said property was in and did belong to said Dougal McArthur, and that the said Dougal McArthur do have restitution of said property, and we said arbitrators, find the value of said property to be two thousand four hundred and three dollars.

We also find the damages to said Dougal McArthur, by reason of said taking and replevying, to be seven hundred dollars.

And we further find and determine that said Robinson & Oliver are justly indebted to said Dougal McArthur for labor and work done and for balance of accounts, the sum of two thousand four hundred and forty dollars.

Given under our hands this 17th day of May, 1869, at Alpena.

Obed Smith,<br>True P. Tucker."

After the award was made the plaintiff served the award on each of the partners, and demanded the property referred to therein, but they did not deliver it to him; and on the 20th day of October, 1869, he commenced this suit in trover against the firm. December 15th, 1869, Robinson appeared in the suit by his attorneys, Tuttle & Holmes. The declaration was filed January 15th, 1870, and on the 20th of January, 1870, Tuttle & Holmes put in a plea of general issue for both defendants. May 28th, 1874, the attorneys for the respective parties stipulated that the plaintiff might take judgment for four thousand dollars damages as the amount agreed upon between the parties, and on the same day a judgment was rendered for that amount.

Executions were issued upon this judgment, upon one of which defendant Robinson was arrested and confined in jail over nine months, and until he was discharged from imprisonment under the Act for the relief of poor debtors from imprisonment, which occurred sometime in November, 1875. On the 9th of May, 1876, defendant Oliver having also been arrested upon execution issued upon the judgment, applied to the court to vacate and set aside the judgment, for reasons stated in the application, the main ground of which was that he had never employed Tuttle & Holmes as his attorneys, and never authorized them to appear or plead for him, and that the stipulation for judgment was wholly unauthorized, and on the 29th day of May, 1876, the judgment was vacated and set aside as to him, with leave to plead in twenty days. He put in a plea of general issue June 1, 1876. On August 28th, 1878, the creditors of Robinson filed a petition in the

district court of the United States for the Eastern district of
Michigan, for the purpose of having him adjudicated a bank-
rupt, and such proceedings were thereupon had that he
received a discharge in bankruptcy on the 15th day of May,
1879.   It also appears from the record in this case that Mr.
Oliver sold out his rights and interest in the firm of Oliver
& Robinson in September, 1868, but it is not shown when
the firm business was settled up, if ever.

On the 12th day of August, 1881, the defendant George J.
Robinson, by Alfred E. Hawes, his attorney, interposed a plea
puis darrein continuance, setting up his discharge in bank-
ruptcy as a bar to the action.   The jury, under the instruc-
tion of the court, found a verdict in favor of plaintiff, against
defendant Oliver, and in favor of defendant Robinson, by
reason of his having been discharged in bankruptcy.

The defendant Oliver brings the case here upon writ of
error, and assigns as the first cause that "it appears from the
record that the circuit court did, on the 29th day of May,
1876, set aside the judgment rendered in said cause on the
28th day of May, 1874, as to the defendant Oliver, leaving
the said judgment in full force as to the defendant George
J. Robinson, which order stands in full force and unreversed
and by the laws of the land no other judgment could be law-
fully rendered in said cause."   Whether or not the order
vacating the judgment as to the defendant Oliver left the
judgment in full force as to defendant Robinson, without some
further action of the court, it is unnecessary to determine.
The subsequent proceedings show that both court and coun-
sel for defendants regarded and treated the judgment as
vacated as to both defendants up to the time of the trial.
Both defendants have pleaded to the action since the vaca-
tion of the judgment; and their pleas do not rely upon the
former judgment as a bar.   *Briggs v. Milburn* 40 Mich.
512.

The second assignment of error is based upon the assump-
tion that the order of the circuit court setting aside the
judgment as to defendant Oliver wholly merged the claim
for which this suit was brought in the judgment then remain-

ing against the defendant George J. Robinson, and extinguished the claim as to defendant Oliver. But this assumption is not supported by the facts. Although the language of the order in terms extended only to the vacation of the judgment as to the defendant Oliver, yet court and counsel for the parties appear to have treated it as vacating the judgment as to both defendants; and we have no doubt but that such was its legal effect. We discover nothing in the record tending to prove that the plaintiff made any effort to enforce the judgment against defendant Robinson after the order vacating it was entered.

Neither do we perceive any foundation in the record for the third assignment of error, to the effect that the court proceeded to try said cause when there was no issue of fact therein to be tried at the date of the last trial thereof. So far as defendant Oliver is concerned, the issues of fact stood upon the declaration and his plea of general issue; and, as to defendant Robinson, it stood upon the plea in bar interposed by him setting up his discharge in bankruptcy.

The fourth alleged error is that the award offered in evidence did not and could not convey such title to the property mentioned therein to said McArthur as would, by the law of the land, entitle him to maintain the suit. The facts of this case do not bring it within that class where the arbitrators have awarded that the title of personal property shall pass from one party and become vested in another upon the happening of some contingency, or the performing of some condition, such as on delivery of the property by one party to the other, or on payment. Here the arbitrators found that the property in dispute was legally held, and the right of ownership and possession was in and belonged to McArthur, and that he should have restitution; and the award was conclusive upon the question of ownership and right of possession.

We do not think that the defendant Oliver was prejudiced by that portion of the charge to which our attention is directed by the fifth assignment of error;[1] standing alone,

---

[1] The instruction upon which the fifth assignment of error was based was as follows: "And although Mr. Oliver may not have known in

it might be objectionable, but in connection with the other portions of the charge upon the subject of ratification, we cannot see that it was prejudicial to defendant. Neither could it possibly injure defendant, for the court to refuse to charge the jury that the plaintiff could only recover by reason of the award, and not on account of previous ownership. As before stated, the award was conclusive upon the ownership, and evidence that plaintiff was the owner previous to the award was wholly immaterial; but its admission could in no way injuriously affect the defendant; and a refusal to charge as requested would not be such error as would warrant a reversal, under repeated rulings of this Court. This action is not brought to recover the amount of the penalty of the submission bond, and there was no error in refusing to charge that plaintiff could not recover more than the penalty of that bond.

The judgment is affirmed.

The other Justices concurred.

---

regard to the details of the proceedings, and may not have taken any active part in it, yet if he was a partner of Mr. Robinson, and the claim was made on behalf of the firm, so far as appears here, Mr. Oliver would be bound by the acts of his partner, especially unless he repudiated it in a proper way." The trial judge, in connection with this, and in referring to the suit in replevin begun by Robinson and Oliver against McArthur, had said that one partner may institute a suit in behalf of both ; but he had added, when speaking of the subsequent submission of the dispute to arbitration, that, while Oliver was not legally bound by the submission though made in the firm name, yet if he acquiesced in it—did not repudiate the act, but sanctioned it—acted under it, and went on with the arbitration as a submission of partnership matters, it would be a ratification of the act that would bind him. His saying that he was not to be subjected to any liability in consequence of the arbitration, but that it was to be a matter between Robinson and McArthur, was not sufficient, because there were no matters between Robinson and McArthur, except those partnership matters which Robinson alone could not submit to arbitration. Nothing less than a repudiation of the whole thing would protect Oliver if he did not mean that the arbitration should be effectual against him.