## MOFFIT *v.* ENDTZ.

1. APPEAL AND ERROR—FORMER JUDGMENT VACATED.
   Where both parties, on retrial, treated a former judgment as vacated, it should be so treated by the courts.[1]

2. JUDGMENT—SATISFACTION OF JUDGMENT.
   Although one having a right of action against joint tort-feasors may have several judgments, he may have but one satisfaction.[2]

---

[1]Appeal and Error, 3 C. J. § 618; [2]Judgments, 34 C. J. § 1113.
On effect of release of one joint tort-feasor on liability of others, see notes in 58 L. R. A. 293; L. R. A. 1918F, 363.
On effect of payment of, or proceedings to collect a judgment against one tort-feasor as release of others, see note in 27 A. L. R. 805.

3. RELEASE—OF ONE JOINT TORT-FEASOR RELEASES ALL.
    A release of a cause of action as against one of two or more joint tort-feasors operates as a release of all.[3]

4. SAME—RELEASE OF ONE JOINT TORT-FEASOR SATISFIES DEMAND.
    Where one having a right of action against two joint tort-feasors released one of them from further liability, he may not proceed against the other, although in said settlement he reserved his right to do so, since said release amounts in law to a satisfaction of the demand.[4]

Error to superior court of Grand Rapids; Verdier (Leonard D.), J.    Submitted June 9, 1925.    (Docket No. 28.)    Decided July 16, 1925.

Case by Freeman Moffit against Adrian Endtz for personal injuries.    From an order vacating a judgment for plaintiff, he brings error.    Affirmed.

*Fred P. Geib,* for appellant.

*Amos F. Paley,* for appellee.

CLARK, J.    Plaintiff Moffit was injured.    The injury was caused by concurrent negligence of Adrian Endtz and Grand Rapids Railway Company.    The verdict was $7,500 against Endtz and no cause of action against the company.    Judgment was entered on the verdict, which, reviewed on error in this court, was reversed.    *Moffit* v. *Railway Co.,* 228 Mich. 349.    The cause came on for second trial in the superior court without a jury.

In an opening statement, counsel for plaintiff said:

"Some question has arisen as to the effect of the reversal in the Supreme Court of the judgment, as to whether that reversal reverses the judgment that was rendered against defendant Endtz, as well as the judgment that was rendered in favor of the railway company.    The railway company has made a proposal to plaintiff to procure its release from the suit, which

[3]Release, 34 Cyc. p. 1086; [4]Id., 34 Cyc. p. 1086.

proposal is satisfactory to plaintiff, providing that upon acceptance of that proposal the railway company may be released from the suit, the suit dismissed as to it without costs, and judgment taken against the defendant Endtz in lieu of the former judgment which was rendered against him for substantially a similar amount, and plaintiff is willing that judgment be entered against the defendant Endtz, and a judgment of dismissal against the railway company, without costs to either party; the judgment against Endtz to be for the sum of $3,250. As I understand it, the testimony has all been taken before the court and a verdict has been rendered by one jury against Endtz upon that record. There was no question about the liability of Endtz. In the view of counsel for plaintiff the action of the Supreme Court did not reverse the former judgment, but because there may be some question about that plaintiff desires a judgment entered at this time against Endtz in place of the other judgment, so that the record will be clear."

Plaintiff was called as a witness and his counsel asked of him and he answered as follows:

"*Q.* And now you are ready to go ahead with the case against both defendants?
"*A.* Yes, sir."

And thereafter plaintiff testified at length of the fact and manner of injury and of his damages. At the conclusion of proof, plaintiff's counsel said to the court:

"Now, if your honor is willing to just hold this in abeyance until we can close the matter with the railway company, we will submit a stipulation asking for judgment dismissing them, and then we will leave to the court the matter of rendering judgment against Endtz for this difference. If the court is willing to do that, that is what we are asking, Mr. Paley, we are willing to give your man credit for the amount paid on the judgment against him before, and we now ask judgment against him for the difference, $3,250."

Defendant railway company paid to plaintiff $4,250

and a stipulation by attorneys for plaintiff and the railway company was then made and filed:

"In the above suit defendant Grand Rapids Railway Company, while denying all liability to plaintiff for any of the matters set up in plaintiff's declaration, nevertheless, in order to avoid the expense and risk of litigation, has made a settlement by paying to said plaintiff a sum of money satisfactory to both parties hereto and in that manner having procured the consent of plaintiff to a dismissal of said cause as to defendant railway company.

"Therefore, in consideration of the foregoing and upon the agreement of said parties through their respective attorneys, it is hereby stipulated and agreed that an order may be entered in said cause dismissing said suit as to defendant Grand Rapids Railway Company without costs to either party, without prejudice, however, to the rights of plaintiff against defendant Endtz."

Over objection of counsel for Endtz judgment was then entered for plaintiff and against Endtz alone for $3,250.    This judgment later on motion and by order was vacated and the cause dismissed as to Endtz.    To review the order plaintiff brings error.    Whether the judgment in the first trial survived reversal it is unnecessary to determine.    The proceedings show that it was treated as vacated.    It was not pleaded by defendant Endtz as a bar to the second trial.    Plaintiff proceeded against both defendants on the original declaration and gave evidence to support its averments.    Under the authority of *McArthur* v. *Oliver*, 53 Mich. 299, we must treat, for the reason stated, the first judgment against Endtz as reversed.

Defendants were joint tort-feasors.    1 Cooley on Torts (3d Ed.), 247; *Lindsay* v. *Acme Cement Plaster Co.*, 220 Mich. 367.

If defendants had been joint debtors (which they were not), as for a sum of money due by certain and express agreement, or upon a single judgment against

them, then what was attempted here by plaintiff might perhaps be sustained because of section 14585, 3 Comp. Laws 1915. And see *Rohrabacher* v. *Walsh,* 170 Mich. 59; 27 A. L. R. 805, note.

If plaintiff in separate suits had taken several judgments, one against Endtz for $7,500, and one against the railway company for $4,250, and had collected the smaller judgment and accepted the avails, both judgments would have been satisfied except as to costs. The plaintiff might have had several judgments, but he can have but one satisfaction. *Blackman* v. *Simpson,* 120 Mich. 377 (58 L. R. A. 410); Freeman on Judgments (5th Ed.), § 1126.

A release of a cause of action as against one of two or more joint tort-feasors operates as a release of all. This is on the theory that the release amounts in law to a satisfaction of the demand.

But what of plaintiff's attempted reservation of a right to proceed further against Endtz?

It was said in *Carey* v. *Bilby,* 129 Fed. 203:

"Sometimes, however, as in the case in hand, a release executed in favor of one wrongdoer is accompanied with the reservation of the right to sue others who were jointly concerned in the wrong, and in such cases the question has frequently arisen, how shall such an instrument be interpreted? Shall the reservation of the right to sue others be ignored, and the instrument treated as raising a conclusive presumption that full compensation for the wrong has been made, as though it were a technical release under seal, or shall the reservation of the right to sue others be taken to mean that full compensation has not been received by the injured party, and that he merely intended to agree with the released party not to pursue him further, but without releasing his cause of action against the other wrongdoers, or admitting that he has received full compensation for the injury? With reference to this question the authorities are not in accord. Some courts are disposed to hold, and have held, that when such an instrument contains apt words

releasing one of the wrongdoers, it operates to release all, and that any clause inserted therein reserving a right to sue others after one has been released is repugnant to the release, in that it defeats, or attempts to defeat, the natural legal effect of the instrument; and that it should therefore be ignored.    *McBride* v. *Scott,* 132 Mich. 176 (61 L. R. A. 445, 1 Ann. Cas. 61, 102 Am. St. Rep. 416) ; *Abb* v. *Railway Co.,* 28 Wash. 428 (68 Pac. 954, 58 L. R. A. 293), and cases there cited.    Other courts hold, however, that such an instrument should be given effect according to the obvious intent of the person executing it, and that it should not be treated as a technical release operating to destroy his cause of action as against all of the joint tort-feasors, but rather as a covenant not to sue the party in whose favor the instrument runs."

The *McBride Case* is decisive of the question.    After reviewing authorities, it was there held:

"We are of the opinion that the better rule is that contended for by defendants in this case; that to admit of a settlement with one tort-feasor under such circumstances as are here presented, and to hold that a reservation such as is here attempted saves the right as to other tort-feasors, would open the door for the plaintiff in any case to acquire by successive settlements more than just compensation; or, as is said in *Brown* v. *Kencheloe,* 3 Cold. (Tenn.) 192: 'The plaintiff in many instances would operate upon the fears of the defendants, and get from each full damages for the trespass committed.' "

And see *Lindsay* v. *Acme Cement Plaster Co., supra.*
The release of the railway company amounts in law to a satisfaction of plaintiff's demand.
Affirmed.

McDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.