MACDONALD *v.* HENRY HORNBLOWER & WEEKS.

1. TORTS—NATURE.

A tort is single and cause of action therefor indivisible and either exists against all feasors or none.

2. JUDGMENT—TORTS.

Judgment against one tortfeasor, until satisfied, is not a bar to separate suit against others, since injured party is entitled to satisfaction for the wrong.

3. RELEASE—TORTS.

Injured party may release tortfeasors by contract for satisfaction which need not be in money, by compromise, accord and satisfaction or waiver.

4. Same—Other Tortfeasors.

By release of cause of action against one tortfeasor, other tort-
feasors are discharged even though contract of release ex-
pressly reserves right of action against them.

5. Torts—Waiver—Brokers—Principal and Agent.

Tort for conversion of funds *held*, waived so as to bar action
by customer against brokers where customer took note from
brokers' agent for sum converted, received payment thereon,
accepted renewal note for balance, brought two actions at law
*ex contractu* against him and pleaded waiver of tort action as
consideration for the note, and there was no express agreement
between the parties to other effect.

6. Waiver—Torts.

Waiver of a tort, made for a consideration, cannot be recalled.

Appeal from Wayne; Webster (Arthur), J. Sub-
mitted June 19, 1934. (Docket No. 92, Calendar
No. 37,896.) Decided October 1, 1934.

Action by Evelyn M. MacDonald against Henry
Hornblower & Weeks, a copartnership, and others
for alleged conversion of funds. Directed verdict
and judgment for defendants. Plaintiff appeals.
Affirmed.

*Hugh K. Davidson* and *David E. Kull*, for plain-
tiff.

*Monaghan, Crowley, Reilley & Kellogg* (*Crawford
S. Reilley* and *Edward T. Kelley*, of counsel), for
defendants.

Fead, J. In 1929 plaintiff bought and sold stocks
through defendant brokers. Her account was han-
dled by E. F. Lee, a "customer's man" in their
employ. Lee made some purchases and sales for
plaintiff without her authorization and sustained a
loss of $3,026, which defendants charged against
plaintiff's account. About July 1st plaintiff trans-

ferred her account to another broker, learned of Lee's unauthorized transactions, and informed defendants, who denied responsibility or liability therefor. Lee admitted his misconduct, figured the loss at $3,000, and offered her his note therefor. She accepted the note, dated July 3d. October 3d, Lee paid her $500 and gave her a new note for $2,500. A few months thereafter plaintiff sued Lee on the note in attachment, property was seized, the attachment afterward dissolved, and the suit dismissed for want of progress. Later she brought another action on the note, the action pending at the time of trial of the instant case. In the latter suit Lee pleaded there was no consideration for the note and plaintiff replied that the consideration was "waiver of a valid and enforceable tort action," which plaintiff had against him.

Plaintiff brought this suit against defendants for conversion as joint tortfeasors with Lee. The court directed a verdict on the ground that plaintiff had released Lee from liability for the tort and, therefore, had released his joint tortfeasors.

The law of joint tortfeasors has been the subject of many refinements of reasoning and much conflict of opinion. 27 A. L. R. 805; 50 A. L. R. 1057; 65 A. L. R. 1087; 66 A. L. R. 206; 26 R. C. L. p. 765. The underlying principle is that the tort is single and the cause of action indivisible and exists against all feasors or none. The English rule was that action against one, pursued to judgment, was a bar to action against the others. The doctrine approved by the weight of authority in this country is that the injured party is entitled to actual satisfaction for the wrong; and, although separate suits may be brought, judgment against one, until satisfied, does not bar suit against others. Such is the rule in this

State. *Verhoeks* v. *Gillivan,* 244 Mich. 367 (65 A. L. R. 1083).

However, the injured person has freedom to contract for satisfaction. For such consideration as he pleases he may release one or all of the tortfeasors. Compromise, accord and satisfaction are open to him and he may waive his cause of action. It is not necessary that he receive satisfaction in money in order that he lose his cause of action by contract. *Horgan* v. *Railway Co.,* 208 Mass. 287 (94 N. E. 386). And when the cause of action is destroyed as to one tortfeasor, it falls as to the others, even though it is attempted to preserve the liability of the others. So, where one tortfeasor is released from liability on payment of part of the damage, the others are discharged although the contract expressly reserves right of action against them. *McBride* v. *Scott,* 132 Mich. 176 (61 L. R. A. 445, 102 Am. St. Rep. 416, 1 Ann. Cas. 61, 13 Am. Neg. Rep. 335); *Sunlin* v. *Skutt,* 133 Mich. 208; *Lindsay* v. *Acme Cement Plaster Co.,* 220 Mich. 367; *Moffit* v. *Endtz,* 232 Mich. 2.

The situation at bar is not complicated by agreement or mutual understanding of the parties modifying what they did. Plaintiff asserted that she took the note from Lee as evidence of his guilt. Such intention was not communicated to Lee nor made part of her agreement with him and is of no legal consequence. The case rests upon the bare facts that plaintiff took Lee's note for the loss, received a payment on it, accepted a renewal note for the balance, brought two actions at law *ex contractu* against him, and pleaded waiver of the tort action as consideration for the note.

By so doing, plaintiff changed her relation toward Lee from tort to contract. She acquired his

acknowledgment of liability, liquidation of damages, promise to pay, a new cause of action bearing different rules of pleadings, proofs, limitations and remedies for enforcing judgment and an instrument which she could sell and against which, in the hands of a holder in due course, Lee would have had no defense. She thereby substituted a tort liability for one in contract, and waived not merely a choice of remedies but the cause of action itself for the tort. The cause of action for the tort having been partially destroyed, it was wholly destroyed and the defendants were released from liability.

Aside from its legal effect, the combination of taking the note, suing on it, and pleading waiver of the tort as consideration for it, without express agreement between the parties to other effect, leaves no ground for inference, as a matter of fact, other than that the tort was settled and waived. Such waiver cannot be recalled. 1 C. J. p. 1039; *Thompson* v. *Howard,* 31 Mich. 309.

Counsel have discovered no authorities in point but our conclusion is sustained by *Reynolds* v. *Fenton,* 2 Phila. 298, holding that joint tortfeasors are released from liability when the injured party takes a note for the injury from one, and *Gibbs* v. *Redman Fireproof Storage Co.,* 68 Utah, 298 (249 Pac. 1032), where similar effect was given a contract.

Judgment affirmed, with costs.

NELSON SHARPE, C. J., and POTTER, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.