COOK *v.* CITY TRANSPORT CORP.

1. RELEASE—COVENANT NOT TO SUE.
   Injured party's covenant not to sue owner and driver of bus upon which he was a passenger when injured in a collision with other defendant's car *held*, not to release other joint tortfeasor against whom right to sue was reserved.

2. SAME—FAILURE TO APPEAL FROM DISMISSAL AS TO JOINT TORTFEASOR.
   Failure of plaintiff to appeal from order dismissing action as against defendant who had obtained covenant not to sue *held*, not to discharge other defendant against whom suit was brought as a joint tortfeasor.

   POTTER, C. J., and NELSON SHARPE and WIEST, JJ., dissenting.

Appeal from Ingham; Carr (Leland W.), J. Submitted January 29, 1935. (Docket No. 159, Calendar No. 38,251.) Decided June 3, 1935. Rehearing denied October 30, 1935.

Case by J. Earl Cook against City Transport Corporation, a Michigan corporation, and C. J. Lindeman for personal injuries sustained in an automobile collision at a street intersection. Dismissed as to defendant City Transport Corporation. From verdict and judgment for plaintiff against defendant Lindeman, he appeals. Affirmed.

*Harry F. Hittle,* for plaintiff.

*Rodgers & Dunn,* for defendant Lindeman.

FEAD, J. I can see no application of *Robinson* v. *Godfrey,* 2 Mich. 408, and *Morgan* v. *Butterfield,* 3 Mich. 615, to the case at bar. Each of the cases dealt with an agreement made by all contracting parties, not to sue on the contract, for a limited time. In discussing the effect of an agreement never to sue, the court treated it as a new contract, superseding the original, and, therefore, destroying and releasing it. The court recognized that when made with one of several joint debtors, a covenant not to sue is a collateral undertaking and not a release. In no sense are the cases authority for the proposition that an agreement not to sue one of several joint tortfeasors is a release of the liability of one and, therefore, of all.

The distinction between a release and an agreement not to sue is finespun and seems overtechnical. However, the whole law of joint tortfeasors is of like character and, as indicated by Mr. Justice POTTER, the overwhelming weight of authority draws the distinction and denies the effect of an agreement not to sue one as a release of other joint tortfeasors. The distinction was not mentioned in the briefs nor considered in *Moffit* v. *Endtz,* 232 Mich. 2, nor has the point in suit been passed upon by this court.

I think we should follow the weight of authority, not because I approve the distinction, except as a mental exercise, but because such effect of an agreement not to sue offers a way for a party to buy his peace and allows an opportunity to compromise a doubtful claim without requiring an injured party to forego the right of full compensation against known wrongdoers.

On motion, the court dismissed the suit as to the City Transport Corporation because of the agreement not to sue. Defendant [appellant] claims it thereby gave the agreement the effect of a release rather than of a collateral undertaking and, plaintiff not having appealed therefrom, it operated to discharge defendant Lindeman. Plaintiff had a right to elect whom he should sue and to dismiss as to a defendant and he could accept the ruling of the court as the equivalent of a voluntary dismissal of City Transport Corporation by himself, which would not have discharged Lindeman. Moreover, the dismissal did not change Lindeman's liability.

Affirmed, with costs.

NORTH, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred with FEAD, J.

POTTER, C. J. (*dissenting*). Plaintiff sued defendants, City Transport Corporation and C. J. Lindeman, to recover damages alleged to have been caused by the negligence of the defendants whereby plaintiff, a passenger on a motor bus of the Lansing Transport Corporation, was injured.

Declaration was filed April 5, 1934. December 6, 1933, plaintiff, in consideration of the sum of $139 paid to him by the City Transport Corporation, defendant, covenanted and agreed "for himself, executor, executors, administrator, administrators,

and assignees, he, she, they or either of them will never sue, or bring, or cause to be brought any action against the said City Transport Corporation, and/or Arthur Otto, operator, or either or any of them, on account of bodily injuries and property damage, growing out of accident, hereinbefore described,'' being the cause of action sued upon in plaintiff's declaration.

The agreement so signed recites that it is made to avoid litigation and expense, "but in such a way that shall not impair or effect (affect) the claim of said J. Earl Cook against any person or corporation, other than the City Transport Corp., and/or Arthur Otto, operator, causing or helping to cause said accident and resulting injuries or damage." This agreement when construed as a whole clearly constitutes an agreement or covenant not to sue one joint tortfeasor; and the question is presented as to whether such a covenant or agreement not to sue one joint tortfeasor amounts to a release which will bar plaintiff from recovery against all joint tortfeasors.

Plaintiff does not controvert the rule established in *McBride* v. *Scott*, 132 Mich. 176 (61 L. R. A. 445, 102 Am. St. Rep. 416, 1 Ann. Cas. 61); *Lindsay* v. *Acme Cement Plaster Co.*, 220 Mich. 367; *Moffit* v. *Endtz*, 232 Mich. 2; *MacDonald* v. *Henry Hornblower & Weeks*, 268 Mich. 626, that a release of one of several joint tortfeasors releases them all; but plaintiff contends a covenant and agreement not to sue is something distinct and different from a release and does not extinguish the cause of action. *Nashville Interurban R. Co.* v. *Gregory*, 137 Tenn. 422 (193 S. W. 1053). It seems to be conceded the authorities almost universally hold that a covenant or agreement not to sue one of several joint tortfeasors made on a sufficient consideration is not a

release (23 R. C. L. p. 408), contending the rule in Michigan is the rule laid down in 53 C. J. p. 1263, where it is said:

"A covenant or agreement not to sue one or less than all joint tortfeasors does not release and will not bar an action against the others, unless shown to have been so intended, and unless a complete satisfaction has been received in return for the covenant or agreement. The rule applies particularly where it is specifically provided that the covenant shall not affect the covenantor's rights as against the other joint tortfeasors, although such a reservation is unnecessary for the preservation of such rights."

It must be conceded the rule as above quoted from Corpus Juris is the rule established by the great weight of authority. Decisions from courts of last resort of 25 States, and from the supreme court of the United States and subordinate Federal courts, are collected in the notes to the above quotation and sustain the rule established by the text. The reason for this rule is that all joint tortfeasors are jointly and severally liable. The plaintiff may sue one, or any number, or all of them, at his option, and no contributions may be enforced among or between such joint tortfeasors, and there is no reason why, if plaintiff may elect without consideration not to sue one or more of several joint tortfeasors, he may not make such an election upon a valid consideration and by agreement with the one which he covenants not to sue. And, therefore, the right of the plaintiff to continue the action against the other joint tortfeasors than the covenantee is not affected by the execution of a covenant not to sue and dismissal of the pending action as against the covenantee.

Defendant Lindeman contends a tort is indivisible though more than one person may have contributed thereto; that it may not be split; that there can be but one recovery for a tort, no matter how many persons may have contributed thereto; and that a settlement and release from liability of one joint tortfeasor is in effect the settlement and release as to all.

The disposition of this case depends upon whether such covenant not to sue does amount to a release. In *Robinson* v. *Godfrey,* 2 Mich. 408, the question presented was, Whether a valid promise not to assert a particular remedy for a specified time would bar an action brought before the time expired? The court, by Justices Wing, Martin, Green, Copeland, Douglass, Johnson, Pratt, and Whipple, by Douglass, J., said:

"It seems to us very clear, upon principle, that whenever a creditor agrees with his debtor, upon good consideration, that he will never or not for a specified time, pursue against him, either any or all of the remedies which the law gives for the enforcement of a particular demand, the agreement is not collateral to the original contract of indebtment, giving merely a claim for damages in case of its breach, but operates directly upon the contract, and as the case may be, destroys or modifies the legal rights and obligations which grow out of it. The right of the creditor is simply a right by means of established legal remedies, to recover such damages as the law gives, for breach of contract. The corelative obligation of the debtor is what the law, through the instrumentality of these remedies, will oblige him to pay or perform. The law applied to the contract, is the measure of each. * * * An agreement never to sue annihilates both. In legal sense, it destroys the contract. It leaves remaining but the naked duty of the debtor, to which no right

corresponds, and of which the law enforcing obligations only, takes no cognizance. As to the debtor with whom it is made, it extinguishes the debt, though not as to others who may also be collaterally liable for it. .* * * It is, therefore, in effect, a *release,* and it has always been pleadable in bar as a release.''

Notwithstanding the holding of the court in *Robinson* v. *Godfrey, supra,* this matter again came before the court in *Morgan* v. *Butterfield,* 3 Mich. 615, where it was reconsidered in view of the great and cumulating weight of precedent against the decision of the rule of *Robinson* v. *Godfrey, supra,* which emphasized the difference between a release and a covenant not to sue. But the court, in *Morgan* v. *Butterfield, supra,* 621, after a careful examination of the authorities, said:

''When it came to be established that a release of one of several co-debtors, whether jointly, or jointly and severally liable, was a release of all, and the question arose as to whether an agreement never to sue would have the same effect; it was held that it would not, because such a covenant was not in its nature a release, but the effect of a release was only given to it as between the parties, to avoid circuity of action. * * * I think it will be found that there is a substantial difference between a release and a covenant not to sue, which explains in a different if not in a more satisfactory manner why the former will discharge co-debtors and the latter will not. The reason, and if the question were now an open one, as it is not, it may be doubtful whether it would be deemed quite satisfactory, * * * that such is presumed to be the intention of the parties, because unless it was held to do so, the co-debtor, after paying the debt, might sue him who was released for contribution, and so in effect he would not be released.''

· After an exhaustive review of the authorities, the court concluded:

"An agreement never to sue, in legal sense, destroys the contract. It is exactly equivalent in its effects, as between the parties, to an entire and permanent repeal of all laws for the enforcement of the contract, or a technical release. It operates as a release, not as it has so often been said, upon the principle of avoiding circuity of action, but because in substance and effect it is a release. Upon principle, then, whatever may be the weight of precedent to the contrary, originating when the source of the rights and obligations of contracts was much less perfectly understood than it now is in this country, we think it is clear that an agreement not to sue for a right resting in contract, when between all the parties to the contract, is never a distinct and independent undertaking, upon which an action is maintainable, but a mere modification or extinguishment, according as it is temporary or perpetual, of the rights and obligations of the contract, and as such may be availed of in defense of an action founded upon it."

The doctrine of these two cases has in this State, so far as the validity of such settlements is concerned, been rendered unimportant by the enactment of 2 Comp. Laws 1929, § 9939, which authorizes joint debtors individually to settle or compromise and be discharged from their joint indebtedness; but the holding of the court that a covenant not to sue amounts to a release has not since been questioned. If a covenant not to sue amounts, as these cases hold, to a release, then this case must be governed by the authorities in this State above mentioned, holding that a release of one joint tortfeasor from liability amounts to a release of them all, notwithstanding there is a provision in the contract expressly reserving the right of action against

the remaining joint tortfeasors. *McBride* v. *Scott, supra; Sunlin* v. *Skutt,* 133 Mich. 208; *Lindsay* v. *Acme Cement Plaster Co., supra; Moffit* v. *Endtz, supra; MacDonald* v. *Henry Hornblower & Weeks, supra.* We see no reason for departing from this rule.

Judgment should be reversed, with costs.

Nelson Sharpe and Wiest, JJ., concurred with Potter, C. J.