CURTIS v. SEARS, ROEBUCK & CO.

1. APPEAL AND ERROR—VERDICTS—EVIDENCE—CONJECTURE.

In buyer's action against retailer of wickless kerosene stove for damages arising from alleged negligence of defendant in performance of repairs thereon, where there are proofs from which a reasonable inference may be drawn, contention that the verdict for plaintiff rests upon conjecture cannot be maintained.

---

Considerations important in determining whether negligent conduct is cause of harm, see 2 Restatement, Torts, § 433.

Function of court and jury on question of causation, see 2 Restatement, Torts, § 434.

2. Negligence—Res Ipsa Loquitur—Circumstantial Evidence—Prima Facie Case.

> While the happening of an accident alone is not evidence of negligence, it may be established by circumstantial evidence; and where the circumstances are such as to take the case out of the realm of conjecture and within the field of legitimate inferences from established facts, at least a *prima facie* case is made.

3. Same—Repairs to Kerosene Stove—Proximate Cause—Evidence.

> In buyer's action against retailer of wickless kerosene stove for damages arising from explosion because of alleged negligence of defendant in performance of repairs thereon, judgment entered upon the jury's verdict for plaintiff need not be set aside because explosion and subsequent fire could have resulted from causes other than those claimed by plaintiff where there was evidence to sustain plaintiff's claim.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted June 5, 1941. (Docket No. 47, Calendar No. 41,636.) Decided September 2, 1941. Rehearing denied October 6, 1941.

Case by Herbert Curtis and Faydell Curtis against Sears, Roebuck & Company, a foreign corporation, for damage by fire resulting from negligence in repairing a stove. Verdict and judgment for plaintiffs. Defendant appeals. Affirmed.

*Noel P. Fox* and *Henry L. Beers,* for plaintiffs.

*Alexis J. Rogoski,* for defendant.

Bushnell, J. Plaintiffs Herbert Curtis and Faydell Curtis, husband and wife, prior to February 11, 1939, lived on Marquette avenue in the city of Muskegon. At one time they owned a wick-type kerosene stove with a stand. They disposed of this stove but retained the stand. In November of 1938, Mrs. Curtis purchased from defendant Sears, Roebuck & Company at their store in Muskegon a two-burner Mascot wickless oil stove. This stove was

manufactured by A. J. Lindemann & Hoverson Company of Milwaukee, Wisconsin, from whom it was purchased by defendant to be sold at retail. The stove was delivered to Mrs. Curtis in the carton in which defendant had received it from the manufacturer. A booklet of operating instructions was inclosed in the carton and these instructions were read by Mrs. Curtis.

Plaintiffs obtained a supply of kerosene from a Standard Oil service station, with which they filled the fuel tank. They placed the stove on their stand in a small shed adjacent to their dwelling house. Some of the bolts in the stand had fallen out and had been replaced with new ones.

When Mrs. Curtis first attempted to use the stove, it flared up and the flame extended a couple of feet above the burners. Although she turned the needle valve off, the stove continued to flare up and, in order to extinguish the flame, it was necessary to take the stove out of doors and empty the fuel tank. It is the claim of Mrs. Curtis that, after this occurrence and during the early part of December, she returned the stove to defendant's store and had a conversation with one of defendant's employees, whom she identified as John Thomas. She said that when she returned for the stove, Thomas told her that he had taken out the needle valve and had put more threads on it because the original threads did not permit the valve to screw down tight enough to cut off the flow of kerosene. Mrs. Curtis brought the stove home and it was examined by Mr. Curtis who said his examination indicated that additional threads had been put on the needle valve "so it would screw in further." Defendant denied re-threading the valve. Whatever was done, Mrs. Curtis said that when it was used again it did not flare up as much.

During January of 1939, the stove was returned to defendant a second time. Thomas said that on this occasion the stove was turned over to Sherman Steele, one of defendant's service men. Steele testified that his examination of the stove indicated that it was in good working order, but needed cleaning, and that all he did was to clean out the dirty fuel line and valves. He then tested it by permitting it to burn some 20 to 30 minutes. He found that the needle valve responded to his manipulation and that the stove worked satisfactorily, and "did not flare up."

On the morning of February 11, 1939, Mrs. Curtis pumped a supply of water and put it in a tub on the floor of the shed where the stove was kept. She turned the needle valve of the stove, left it open for a short time, and then lit the burner. She then turned the valve down and, after the flame got started, put the tub upon the stove and stood there and watched it. Because the day was cold, she closed the door and window of the shed and went into the house. After about 10 minutes she heard a noise that sounded like an explosion, hastened to the shed, found it in flames, and the whole house burned down and its contents were destroyed. She said:

"At the time that I say the explosion took place, I must have been about 10 or 12 feet away. The noise that I heard was plainly audible; it was just a boom, just a loud noise, just like something had blown up."

This case was tried upon the theory that defendant was negligent in failing to repair defects in the stove properly after it knew, or should have known, the existence of the defects by reason of the stove having been twice brought back for repair. It is

charged that the explosion and fire occurred because of this negligence.

Plaintiffs rely chiefly upon the testimony of one James Kibby, a mechanical engineer, who, prior to entering into the private practice of his profession, had considerable experience with mechanical devices burning kerosene. Kibby testified how the claimed defects could have caused the explosion. On cross-examination, he admitted that the explosion and the fire could have resulted from other causes.

Defendant's experts, one of whom was a merchandise consultant in its employ and familiar with this type of stove, and the other the chief chemist for a kerosene manufacturer, both suggested possible causes of the explosion apart from any mechanical defects in the stove.

The conflicting evidence thus presented was submitted to the jury after the court's reservation of decision on defendant's motion for a directed verdict. The jury returned a verdict in favor of plaintiffs for $938. The court subsequently denied defendant's motion for judgment *non obstante veredicto* or, in the alternative, for a new trial.

Defendant claims on appeal that it cannot be held liable because the proofs show that the fire could have resulted from a number of causes, for several of which it could in no way be responsible, and it claims that the verdict rests upon conjecture, speculation, surmise and guess.

Plaintiffs also claimed a breach of express and implied warranties. The proofs, however, were confined to the negligence of defendant, and the question of warranty is not presented for decision.

Defendant's contention that the verdict rests upon conjecture cannot be maintained where there are proofs from which reasonable inferences may

be drawn. *Burghardt* v. *Detroit United Railway*, 206 Mich. 545 (5 A. L. R. 1333).

The applicable rule is stated in the *Burghardt Case* as follows:

"This court has not adopted the rule *res ipsa loquitur;* we have uniformly held that the happening of the accident alone is not evidence of negligence; and we have as uniformly held that negligence may be established by circumstantial evidence, and that where the circumstances are such as to take the case out of the realm of conjecture and within the field of legitimate inferences from established facts that at least a *prima facie* case is made."

See, also, *Macres* v. *Coca-Cola Bottling Co.*, 290 Mich. 567.

Defendant contends that the judgment entered upon the jury's verdict must be set aside because the explosion and the fire could have resulted from causes other than the one advanced by plaintiffs.

The court said in *Schoepper* v. *Hancock Chemical Co.*, 113 Mich. 582, 586:

"Defendant's counsel contend that the cause of this explosion is a matter of mere conjecture, and it is said by counsel that it is not enough for plaintiff to prove circumstances consistent with her theory, but that these circumstances, and each of them, must preclude any other rational conclusion. This we take to be but another way of stating the proposition that the proof must exclude all reasonable doubt. It is hardly necessary to say that no such rule obtains in civil cases. It is true that where an injury occurs that cannot be accounted for, and where the occasion of it rests wholly in conjecture, the case may fail for want of proof. *Robinson* v. *Charles Wright & Co.*, 94 Mich. 283; *Redmond* v. *Delta Lumber Co.*, 96 Mich. 545. But such cases are rare, and that rule should never be so extended as

to result in a failure of justice, or in denying an injured person a right of action where there is room for balancing the probabilities, and for drawing reasonable inferences better supported upon one side than the other."

See, also, *Tonkovitch v. Indiana Mining Co.*, 187 Mich. 186, and *Woods v. Chalmers Motor Co.*, 207 Mich. 556 (19 N. C. C. A. 932).

The verdict of the jury is supported by the testimony. The judgment is affirmed, with costs to appellees.

SHARPE, C. J., and BOYLES, CHANDLER, NORTH, STARR, WIEST, and BUTZEL, JJ., concurred.