GIMINO v. SEARS, ROEBUCK & CO.

1. NEGLIGENCE—INSPECTION AND REPAIR OF KEROSENE STOVE— SELLER'S LIABILITY TO BUYERS' LANDLORD.
    The seller of a kerosene stove, which undertakes to inspect and repair same but fails to do so properly, is liable for damages resulting from its negligence not only to the purchasers but also to other persons subjected to danger created by its neg-

Considerations important in determining whether negligent conduct is cause of harm, see 2 Restatement, Torts, § 433.
    Function of court and jury on question of causation, see 2 Restatement, Torts, §§ 289, 434.

ligence, such as the landlord of the house the buyers occupied as tenants, notwithstanding there was no contractual relation between the seller and the landlord.

2. SAME—INSPECTION AND REPAIR OF KEROSENE STOVE—PROXIMATE CAUSE—EVIDENCE—QUESTION FOR JURY.

In action by landlord of buyers of kerosene stove against defendant seller for damages arising from explosion of stove which had twice been returned to its store for repairs, evidence presented a question of fact for jury determination as to cause of the explosion and whether or not defendant was negligent in inspecting and repairing the stove and jury's verdict was not contrary to the great weight of the evidence.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONDUCT OF TRIAL.

In action by landlord of buyers of kerosene stove against defendant seller for damages arising from explosion of the stove, claims that trial court committed prejudicial error in questioning of witnesses, in his remarks and conduct of the trial, *held*, without merit.

4. TRIAL—STRIKING TESTIMONY AS TO VALUE—OBJECTIONS TO HYPOTHETICAL QUESTIONS.

In landlord's action against party who sold kerosene stove to tenants, error *held*, not to have been committed in refusing to strike testimony of a witness for plaintiff as to the value of the house destroyed by explosion of the stove or in overruling defendant's objections to hypothetical questions propounded to plaintiff's expert witness.

5. DAMAGES — INSTRUCTIONS — VALUE OF HOUSE — INTEREST — VERDICT—EVIDENCE.

Verdict of $1,720 for loss of six-room house and attached shed under instructions to jury to determine fair market value of the property and allow legal interest thereon from date of explosion to present is not interfered with by Supreme Court where well within range of testimony.

Appeal from Muskegon; Brown (William B.), J., presiding. Submitted April 11, 1944. (Docket No. 35, Calendar No. 42,665.) Decided May 17, 1944. Rehearing denied June 30, 1944.

Case by Susie Gimino against Sears, Roebuck & Company, a corporation, for damages resulting from failure properly to inspect and repair a kerosene

stove.  Verdict and judgment for plaintiff.  Defendant appeals.  Affirmed.

*Henry L. Beers* and *Noel P. Fox,* for plaintiff.

*Alexis J. Rogoski,* for defendant.

STARR, J.  On February 11, 1939, plaintiff owned a six-room house on Marquette avenue near the Muskegon city limits, which was rented to and occupied by Herbert Curtis and wife.  On that date the house and contents were destroyed by fire, alleged to have been caused by the explosion of a kerosene stove which the tenants had purchased from defendant's store in Muskegon.  Plaintiff sued to recover the value of the house, alleging in substance that defendant was negligent in failing properly to inspect and repair said stove, which had twice been returned to its store for repairs; and that such negligence was the proximate cause of the explosion which resulted in the destruction of her house.  The trial court reserved decision on defendant's motion for a directed verdict and submitted the case to the jury, which returned a verdict of $1,720 on which judgment for plaintiff was entered. Defendant's motion for judgment *non obstante veredicto* or, in the alternative, for a new trial was denied; and it appeals.

The testimony relative to the purchase, faulty operation, repair, and explosion of the stove is substantially the same as was considered in the case of *Curtis* v. *Sears, Roebuck & Co.,* 298 Mich. 539, in which the tenants sued to recover the value of the contents of the house.  In that case we held, in effect, that the conflicting testimony regarding the cause of the explosion presented a question of fact for jury determination as to whether or not

defendant was negligent in failing to inspect and repair the stove properly. We affirmed a judgment of $938 entered on jury verdict for plaintiffs. Our opinion in the *Curtis Case,* which fully sets forth the facts, should be read in preface to this opinion.

In the present case defendant denies liability on the ground that it had no contractual relations with plaintiff; that a kerosene stove is not, *per se,* a dangerous instrumentality; and that, in the absence of proof that it had knowledge of defects in the stove, plaintiff cannot recover. In support of its denial of liability, defendant cites *Camden Fire Insurance Co.* v. *Peterman,* 278 Mich. 615; *Pickens* v. *Crowley-Milner & Co.,* 258 Mich. 102; *Pesavento* v. *E. I. Dupont de Nemours & Co.,* 240 Mich. 434; *O'Neill* v. *James,* 138 Mich. 567 (68 L. R. A. 342, 5 Ann. Cas. 177, 110 Am. St. Rep. 321, 17 Am. Neg. Rep. 561); *Borg-Warner Corporation (Norge Division)* v. *Heine* (C. C. A.), 128 Fed. (2d) 657. (See, also, *Macres* v. *Coca-Cola Bottling Co., Inc.,* 290 Mich. 567.) However, such cases involved only the question of liability of a manufacturer or seller, because of inherent defects in, or imminently dangerous nature of, the article sold. They did not involve, as in the present case, the question of the seller's liability for alleged negligence in subsequently failing properly to inspect and repair defects in the article sold. Therefore, such authorities are not determinative of the question now before us.

Defendant assumed the obligation of inspecting and repairing the stove which it had sold to plaintiff's tenants. If it was negligent in making such inspection and repair, then it would be liable for the resulting damages, not only to the tenants who purchased the stove, but also to other persons subjected to the danger created by its negligence. In other words, if, because of its negligence, defendant was

liable to Curtis and wife as the purchasers of the stove, it would also be liable to plaintiff as the owner of the house in which the stove was operated. It cannot escape liability to plaintiff for its negligence on the ground that it had no contractual relation with her.

In the *Curtis Case* the question of defendant's alleged negligence in inspecting and repairing the stove was submitted to the jury, whose verdict for the plaintiffs was, in effect, a finding that defendant was negligent. We held that the verdict of the jury was supported by the testimony and affirmed the judgment entered thereon. In the present case, substantially the same testimony as was adduced in the *Curtis Case* likewise presents a question of fact for jury determination as to the cause of the explosion and as to whether or not defendant was negligent in inspecting and repairing the stove. See authorities cited in *Curtis v. Sears, Roebuck & Co.,* *supra.* There was testimony supporting the jury's verdict, which we conclude was not against the great weight of the evidence.

We find no merit in defendant's further contention that the trial court committed prejudicial error in his questioning of witnesses or in his remarks and conduct of the trial. The trial court did not err in refusing to strike the testimony of plaintiff's witness Andrews as to the value of the house in question, or in overruling defendant's objections to hypothetical questions propounded to plaintiff's expert witness Kibbe.

Defendant also contends that the jury's award of damages was excessive. The six-room house with attached shed was completely destroyed. The testimony indicates that it was an old house which, plaintiff stated, she had remodeled in 1927 at a cost of about $1,500. It was plastered, papered, and

wired for electricity, but without running water or inside toilet facilities. Tenants Curtis and wife, who had occupied the house for about eight years, were paying a rental of $10 a month at the time of the fire. It also appears that they made some repairs about the house at their own expense, which was considered in fixing the amount of rent. A witness, engaged in the real-estate business in Muskegon, who was called by plaintiff, placed a valuation of $1,800, on the house. A witness called by defendant valued it at $900, but based such valuation on the rental of $10 a month without taking into consideration the fact that the tenants made some repairs, which he admitted would increase his valuation. It was agreed between the parties in open court that if the jury found for plaintiff, they should be instructed to "determine the fair market value of the property and allow interest thereon at five per cent. from February 11, 1939, to the present time" (March, 1943). The jury returned a verdict of $1,720, which indicates that they placed a valuation of about $1,425 on the house. Such valuation was well within the range of the testimony, and we are not disposed to interfere with the jury's determination.

The trial court did not err in denying defendant's motions for directed verdict and for a new trial. Other errors assigned do not merit consideration. The judgment for plaintiff is affirmed, with costs.

North, C. J., and Wiest, Butzel, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.