CAMDEN FIRE INSURANCE CO. v. PETERMAN.

SALES—NEGLIGENCE—DEFECTS — INSPECTION — GASOLINE PRESSURE STOVES.

Insurers, assignees of their respective insureds, *held*, not entitled to recover from seller of new gasoline pressure stove for fire loss sustained upon its use for first time in insureds' house when lighted by defendant's agent, because of defective burner, notwithstanding seller's failure to inspect it, where no defects were known or apparent to seller as stove sat in the store after it had been uncrated upon receipt from a responsible manufacturer.

Appeal from Muskegon; Vanderwerp (John), J. Submitted October 20, 1936. (Docket No. 104, Calendar No. 39,046.) Decided January 4, 1937.

Case by Camden Fire Insurance Company, a foreign corporation, assignee of Hipe Dobb, Hipe Dobb, Monarch Fire Insurance Company, a foreign corporation, assignee of Edward Shatney, and Edward Shatney against Jacob Peterman, doing business as

Pine Street Furniture Company, for damages caused by a stove setting fire to a dwelling house and its furnishings. Judgment for plaintiff insurance companies. Defendant appeals. Reversed.

*Alexander, McCaslin & Cholette,* for plaintiffs.

*Cross, Foote & Sessions* and *Alexis J. Rogoski,* for defendant.

SHARPE, J. This is an action brought jointly by the Camden Fire Insurance Company, a foreign corporation, assignee of Hipe Dobb, and by the Monarch Fire Insurance Company, a foreign corporation, assignee of Edward Shatney, as plaintiffs, against Jacob Peterman, doing business as Pine Street Furniture Company, as defendant, to recover damages claimed to have been suffered by Dobb and Shatney, respectively, as a result of the alleged negligent setting on fire by a gasoline stove of a dwelling house owned by Dobb and occupied by Shatney.

On March 3, 1936, Edward Shatney went into defendant's store and purchased a table top, four burner gasoline pressure range, known as a "New Day Range." Shatney was shown the stove, had its operations explained to him, but no demonstration was made owing to the failure of the defendant to have gasoline in the stove. The stove was delivered at Shatney's home about six o'clock that same evening by two of defendant's employees. The stove had been uncrated in the store and delivered in that condition without further inspection. When the stove was delivered, Shatney directed that it be placed in the kitchen, near a window at which were curtains. The bottom of the curtains was 14 inches higher than the burners of the stove and about 14 inches from the side of the stove. After the stove

was placed in the kitchen, defendant's agent, Fred Hoffman, pumped air into the gasoline tank, lighted the generator grids and heated them about three minutes, then opened the fuel valve and let gasoline into the generator to allow the gas to be heated and fumes to be distributed through the manifold to the burner. After Fred Hoffman lighted the left rear burner, it sent up a normal flame for a few seconds and then suddenly flames shot up from the lighted burner to a height of two or three feet. John Hoffman then immediately turned off the control on the front of the stove, but the flames did not abate. The curtains caught on fire resulting in a complete destruction of the house and nearly all of its contents.

The Camden Fire Insurance Company paid to Dobb $1,033.65 for loss of building and $270.42 for loss of Dobb's personal property. The Monarch Fire Insurance Company paid Edward Shatney $799.08 for the loss of his personal property. The cause came on for trial and at the close of plaintiffs' testimony defendant made a motion for a directed verdict upon the theory that while an accident happened, no proof was adduced to show any negligence upon the part of the defendant in connection with said accident.

The trial judge filed a written opinion holding plaintiffs were entitled to recover and ordered a judgment entered in favor of the Monarch Fire Insurance Company for $799.08 and in favor of plaintiff Camden Fire Insurance Company for $1,304.07. Defendant appeals.

Plaintiffs' declaration charged defendant with negligence by reason of the fact that there was no adequate inspection of the stove and that the stove was so defective as to render it inherently and imminently dangerous, with breach of implied war-

ranty of fitness of the stove and merchantability and with breach of an express warranty that the stove was "fool proof," such statement having been made by the salesman employed by defendant.

In this cause there appears to be no question that the stove sold and delivered to Shatney was defective, in that the manifold or burner was in such condition that the control valve would not shut off the flame; that the stove was purchased from a responsible manufacturer; that there were no apparent defects in the stove as it sat in the store; and that no inspection of the article was made by the seller before delivering it to the buyer.

In *Clement* v. *Rommeck,* 149 Mich. 595 (13 L. R. A. [N. S.] 382, 119 Am. St. Rep. 695), it was held that a dealer who buys in the open market an article such as stove polish, which purports to be safe and proper for use, and sells the same for the purpose for which it is apparently intended is not liable for personal injuries to the purchaser thereof caused by the inflammable character of the article, in the absence of negligence on his part or knowledge by him of its inflammable character.

See, also, *Brown* v. *Marshall,* 47 Mich. 576 (41 Am. Rep. 728), and the annotation in 13 A. L. R. 1176.

In the case at bar the defendant sold a gasoline stove which, as it remained in the store without gasoline in it was not a dangerous article; the defects that it had were hidden and unknown to the seller and could not be readily ascertained without the use of gasoline. It was sold in the condition in which the buyer purchased it from the manufacturer without any suspicion upon the part of the seller of its defects. Under such circumstances the seller may not be called to respond in damages for the

resultant injury, nor do we think the defendant may be held liable under the terms of an express contract. The use of the words "fool proof" in discussing the merits of the stove was mere sales talk and was not intended by either party as a warranty of the article sold.

The judgment of the lower court is reversed. Defendant may recover costs.

WIEST, J., concurred with SHARPE, J. FEAD, C. J., and NORTH, BUTZEL and BUSHNELL, JJ., concurred in the result. TOY, J., took no part in this decision. POTTER, J., did not sit.