TIMMERMAN v UNIVERSAL CORRUGATED BOX MACHINERY
CORPORATION

Docket No. 78-2068. Submitted October 5, 1979, at Detroit.—Decided
November 19, 1979.

James L. Timmerman was injured while working on a machine
in the course of his employment. He and his wife, Geraldine
Timmerman, filed an action against the manufacturer of the
machine, Universal Corrugated Box Machinery Corporation,
alleging improper design and construction for failure to provide
safety devices and breach of implied warranty of fitness. Uni-
versal joined Hartford Insurance Company, the worker's com-
pensation insurer for Timmerman's employer, as a third-party
defendant, alleging that if the machine was in fact dangerous
Hartford should have discovered and reported the hazard in a
safety inspection. Judgment was entered on a jury verdict of no
cause of action, Wayne Circuit Court, William Leo Cahalan, J.
Plaintiffs appeal, alleging errors in the trial court's instructions
to the jury. *Held:*

1. The trial court erred in denying a request by plaintiffs'
counsel to instruct the jury that contributory negligence cannot
be considered in respect to the breach of warranty claim. The
court had instructed the jury on contributory negligence when
instructing on the negligence claim. Because the two claims
were so closely related and dependent on the same facts, the
jury may well have been confused and the verdict may have
been affected by that confusion.

2. Contributory negligence is no defense where evidence has
been presented of a defendant's causal negligence in the design
and manufacture of a safety device. Therefore, the trial court

REFERENCES FOR POINTS IN HEADNOTES

[1] 63 Am Jur 2d, Products Liability § 99.

Contributory negligence or assumption of risk as defense to action
for personal injury, death, or property damage resulting from
alleged breach of implied warranty. 4 ALR3d 501.

[2] 75 Am Jur 2d, Trial §§ 588, 589.

[3] 63 Am Jur 2d, Products Liability § 70.

Manufacturer's or seller's duty as to product design as affecting his
liability for product-caused injury. 76 ALR2d 91.

erred in instructing the jury on contributory negligence as a defense to the negligence claim. In addition, the plaintiff's negligence should not be raised as a defense whether the issue is considered under the doctrine of contributory negligence or of comparative negligence.

Reversed and remanded.

1. PRODUCTS LIABILITY — BREACH OF WARRANTY — CONTRIBUTORY NEGLIGENCE.

Contributory negligence is not a defense to a breach of warranty action.

2. APPEAL AND ERROR — INSTRUCTIONS TO JURY — REQUEST FOR INSTRUCTIONS.

Refusal of a trial court to give requested jury instructions which correctly state the applicable law is error unless such requests are covered by the court's general instructions in a fair and adequate manner; such error requires reversal if it might have altered the result in the case or if the Court of Appeals can say that the result might well have been different had the error not occurred.

3. PRODUCTS LIABILITY — CONTRIBUTORY NEGLIGENCE — SAFETY DEVICES — COMPARATIVE NEGLIGENCE.

Contributory negligence is not a defense to a plaintiff's recovery in a products liability case where evidence has been presented of a defendant's causal negligence in the design or manufacture of a safety device.

*Rosenbaum, Bloom, Appel & Moses,* for plaintiffs.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P.C.* (by *James A. Sullivan),* for Universal Corrugated Box Machinery Corporation.

*Dice, Sweeney, Sullivan & Feikens, P.C.* (by *L. Graham Ward),* for Hartford Insurance Company.

Before: T. M. BURNS, P.J., and BRONSON and R. M. MAHER, JJ.

R. M. MAHER, J. This appeal by the plaintiffs arises from a jury verdict of no cause of action in

their products liability suit against the manufacturer of the machine which injured James L. Timmerman (hereinafter "plaintiff").

On June 16, 1970, plaintiff was operating a machine known as a "printer-slotter" for his employer, Stone Container Corporation. The machine prints labels and other material on heavy cardboard and then fabricates same into boxes. The machine is large and utilizes 250-pound rollers. There is a clearance between rollers of 0.007 inches. The rollers require inking and adjustment along their length, which is done from a catwalk approximately five or six feet above the ground and running parallel to the rollers. The catwalk permits the operator of the machine to walk along the length of the rollers to adjust the ink flow from numerous spigots set above and parallel to the rollers and to paddle the rollers to effect uniformity of ink distribution. Constant tension to the rollers is required to avoid loss of costly stock into scrap.

Part of the catwalk adjacent to the rollers is of a web steel construction and is divided into four sections. The rollers and certain other portions of the machine are exposed by opening hinged sections of the aforesaid catwalk in order to facilitate certain adjustments which might be required from time to time. The machine was manufactured by defendant and sold to plaintiff's employer in February, 1969.

At the time of the accident, plaintiff was adjusting the ink flow and moving in a backward direction from one spigot to the next, which was an undisputed appropriate manner of adjusting the ink spigots. At the time in question, a section of the catwalk behind him was open, and as plaintiff continued to move backward, his right foot went

through the opening and into the rollers where it was crushed. Eventually, it had to be amputated.

The grate had either been left open by an operator from the previous shift, or by the plaintiff himself, although it is undisputed that at the time of the accident plaintiff was unaware that the grate was open. The machine could only be turned off at ground level. The plaintiff's screams caused another employee to shut off the machine.

Until immediately after the accident, the catwalk sections were not equipped with microswitches, interlocks, or safety switches which would prevent the machine from being operated while a section of the catwalk was open. There was testimony that such safety switches were feasible and were in use in other applications long before the machine in question was manufactured. Indeed, the plaintiff's employer equipped the catwalk with such devices at a comparatively modest cost immediately after the plaintiff's accident.

The Timmermans sued the manufacturer of the machine, alleging improper design and construction for failure to provide safety devices. They also alleged breach of implied warranty of fitness, contending that the machine was unreasonably hazardous and, therefore, unfit for the purposes intended. The defendant, over the Timmerman's objections, was permitted to join Hartford Insurance Company, the worker's compensation insurance carrier for plaintiff's employer, as a third-party defendant, on the theory of negligent inspection.

On appeal, the Timmermans allege various instructional errors as bases for reversal.

In his jury instructions on the negligence count, the trial judge included an instruction on the plaintiff's contributory negligence. Later, when

instructing on the breach of warranty claim, he did not mention contributory negligence. When the instructions were concluded, but before the jury retired to deliberate, plaintiff's counsel requested that the trial judge clarify the jury instructions on breach of warranty to say that the plaintiff's contributory negligence cannot be considered with respect to that count. The trial judge denied this request.

Contributory negligence is not a defense to a breach of warranty action. *Kujawski v Cohen,* 56 Mich App 533, 542; 224 NW2d 908 (1974), *Dooms v Stewart Bolling & Co,* 68 Mich App 5, 16-17; 241 NW2d 738 (1976).

It is erroneous to refuse to give requested jury instructions which correctly state the law applicable to the facts, unless such requests are covered by the general charge in a fair and adequate manner. *Holbert v Staniak,* 359 Mich 283, 291; 102 NW2d 186 (1960), *Richman v City of Berkley,* 84 Mich App 258, 264; 269 NW2d 555 (1978). The error requires reversal if it might have altered the result, or if this Court can say that the result might well have been different. *Richman v City of Berkley, supra.*

Since the plaintiff's claims of negligence and breach of warranty were so closely related and depended on an identical factual development, the jury may have been confused and considered the contributory negligence defense with respect to the breach of warranty count as well as the negligence count. The trial court should have given the clarifying instruction as requested by plaintiff's counsel. This is the type of error which may well have affected the result, and therefore requires reversal.

Our analysis of this issue cannot stop here, however, since there exists a more fundamental

error requiring reversal. In the recent decision of *Tulkku v Mackworth Rees Division of Avis Industries, Inc,* 406 Mich 615; 281 NW2d 291 (1979), the Michigan Supreme Court extended the rule of *Funk v General Motors Corp,*[1] and concluded that contributory negligence is no defense to a plaintiff's recovery where evidence has been presented of a defendant's causal negligence in the design or manufacture of a safety device.[2]

In the case at bar, the plaintiffs' assertion of negligence was based on Universal's failure to equip the "printer-slotter" with a shut-off device, buzzers, or other safety devices. There was evidence of the ready availability and comparatively low price of such safety devices, as well as their subsequent installation by the plaintiff's employer. Therefore, under *Tulkku, supra,* it was reversible error for the trial court to instruct the jury on contributory negligence with respect to the negligence count. The plaintiffs are entitled to a new trial.

In *Tulkku,* the Supreme Court declined to consider the effect of comparative negligence which was adopted in Michigan by the enactment of MCL 600.2945; MSA 27A.2945 and by the decision in *Placek v Sterling Heights,* 405 Mich 638; 275

---

[1] 392 Mich 91; 220 NW2d 641 (1974), holding that contributory negligence is not a defense where the plaintiff's injuries resulted from the defendant employer's failure to provide *any* safety device. The Court in *Funk,* based its decision on policy considerations, saying that workers are not in a position to protect themselves and have no choice but to work with the equipment at hand. Employers are therefore required to safeguard workers from injury caused by faulty or inadequate equipment and cannot shield themselves from liability by pointing to the worker's negligence in using such equipment.

[2] The policy reason upon which this conclusion is based was summarized by the Court, 406 Mich at 623:

"If we are to continue to foster the protection of the worker and to encourage manufacturers to take all reasonable precautions in designing and manufacturing safety devices, we cannot allow the discredited doctrine of contributory negligence to undermine these goals."

NW2d 511 (1979). Since this issue will necessarily arise at the new trial, we must address it here. In view of the policy reasons underlying the *Funk* and *Tulkku* decisions, being the fostering of worker protection and encouragement of employers and manufacturers to provide proper and adequate safety equipment, it seems to us that the employee's negligence cannot be raised as a defense, whether it be under a doctrine of contributory negligence or comparative negligence.

We find that the other issues raised by the plaintiffs are without merit.

Reversed and remanded for a new trial.