VINCENT v ALLEN BRADLEY COMPANY

Docket No. 78-2147. Submitted January 3, 1980, at Detroit.—Decided
February 20, 1980. Leave to appeal applied for.

Frances Vincent was injured while attempting to remove a piece
of scrap metal from a power press. She and her husband
Edward Vincent brought an action for damages against Allen
Bradley Company, the manufacturer of a foot switch which
activated the press, Federal Press Company, the manufacturer
of the press, and Robert F. Brown Machinery, Inc., the seller of
the press. The matter was tried on the theory of breach of
implied warranty. A judgment of no cause of action was en-
tered by the Wayne Circuit Court, Andrew DiMaggio, J. Plain-
tiffs appeal, alleging, among other things, that the trial court
erroneously instructed the jury regarding misuse of the ma-
chine. *Held:*

The instructions given by the trial court in effect presented
the theory of contributory negligence rather than misuse.
While misuse of a product is a defense to a products liability
claim based upon breach of implied warranty, contributory
negligence is not available as a defense to such an action. The
instructions were erroneous because they allowed the jury to
interpret them as denying recovery if they found Mrs. Vincent
to have been negligent.

Reversed and remanded.

1. Products Liability — Breach of Warranty — Contributory
   Negligence.

   Contributory negligence is not a defense to a products liability
   suit based on breach of warranty.

2. Products Liability — Breach of Warranty — Defenses —
   Misuse of Product.

   A cause of action for breach of implied warranty is established

REFERENCES FOR POINTS IN HEADNOTES

[1] 63 Am Jur 2d, Products Liability § 97.

Contributing negligence or assumption of risk as defense to action
for personal injury, death, or property damage resulting from
alleged breach or implied warranty. 4 ALR3d 501.

[2] 63 Am Jur 2d, Products Liability § 101.

upon proof of injury caused by a defect in a product that made it not reasonably fit for its intended or reasonably foreseeable use, and although contributory negligence is not a defense, misuse of the product is.

*Cicinelli, Mossner, Majoros & Alexander, P.C.* (by *Eugene D. Mossner* and *William S. Pearson),* for plaintiffs.

*Harvey, Kruse & Westen, P.C.* (by *Dennis M. Goebel),* for Allen Bradley Company.

*Kerr, Russell & Weber* (by *C. Kenneth Perry, Jr.),* for Federal Press Company.

Before: T. M. BURNS, P.J., and BASHARA and N. J. KAUFMAN, JJ.

N. J. KAUFMAN, J. Plaintiffs appeal as of right from a verdict of no cause of action entered by a Wayne County Circuit Court jury in their products liability suit.

Plaintiff Frances Vincent was injured while operating a power press used to stamp out sheet metal parts. The accident occurred when Frances left her position as press operator, walked to the back of the machine and attempted to remove a piece of scrap from the die. The press ram activated while her hand was in the die area, mutilating her fingers.

In their complaint, plaintiffs averred negligent design and breach of implied warranty against defendant Federal Press Company, the manufacturer of the press, defendant Allen Bradley Company, the manufacturer of the foot switch used to activate the press, and defendant Robert F. Brown Machinery, Inc., the seller of the press. Defendants' answers denied negligence or breach of implied warranty. Defendant Bradley asserted, as

special and affirmative defenses, the alleged contributory negligence and misuse of the product by plaintiff Frances Vincent and the intervening negligence of others.[1] Plaintiffs then moved to dismiss the negligence count and to preclude reference to contributory negligence. This motion was granted without objection.

At trial, plaintiffs offered testimony to show that the foot pedal that activated the press was ultrasensitive, insufficiently guarded, and could be triggered by slight lateral pressure, whereas Federal safety standards mandated activation through downward pressure only. Plaintiffs' expert also testified that the press was deficient in that it lacked a barrier guard, a device which would surround the die space.

Defendants took the position that the press and footswitch were safe if not misused. To this end, defendant introduced testimony that Frances Vincent was acting against plant policy in reaching into the press and that tongs were provided for this very purpose. Furthermore, defendants introduced expert testimony to the effect that it was the employer's responsibility to provide barrier guards for the die space. Defendants' theory, then, was that the press, as manufactured, was reasonably fit for its intended purposes but unsafe as set up by the employer and as operated by plaintiff Frances Vincent.

The trial court gave the following instruction on misuse of the press:

---

[1] In pertinent part, defendants averred: that plaintiff Frances Vincent had operated this particular press in the past and had asked for a die-set man's assistance when similar problems had occurred on prior occasions; that she knew that company policy required the use of tongs to clear the die-space area; and that a co-employee was in an area near the foot pedal when the accident occurred and might have negligently activated the switch to operate the press while Frances Vincent was clearing the die space.

"The Defendants have claimed misuse of the press by Mrs. Vincent and her employer in this case. In the absence of a special reason to expect otherwise, the maker is entitled to assume that this product will be put to a normal use for which the product is intended and he is not subject to liability when it is safe for all such uses and harm results only because it is mishandled in a way which he has no reason to expect or has been used in some unusual or unforseeable *[sic]* manner.

"Now, in order to prove misuse, the Defendant must prove that Mrs. Vincent used the press for a purpose that was not reasonably forseeable *[sic]* to the manufacturer or in a manner that was not reasonably forseeable *[sic]* to the manufacturer, that the misuse by Mrs. Vincent concurred with the defective condition of the press in order to cause the injury and that Mrs. Vincent voluntarily and unreasonably proceeded to encounter a risk which was known to her at the time."

As stated, the jury found no cause of action against any of the defendants.

Plaintiffs present three allegations of error in this appeal, only one of which we find warrants reversal. Plaintiffs claim that, in the instant factual context, the aforestated trial court instruction on misuse was erroneous. We agree.

Plaintiffs grounded their action solely on breach of implied warranty. Contributory negligence is not a defense to a products liability suit based on breach of warranty. *Kujawski v Cohen,* 56 Mich App 533, 542; 224 NW2d 908 (1974), *lv den* 394 Mich 772 (1975), *Dooms v Stewart Bolling & Co,* 68 Mich App 5, 16-17; 241 NW2d 738 (1976), *lv den* 397 Mich 862 (1976). A cause of action for breach of implied warranty is established upon proof of injury caused by a defect in the product that made it not reasonably fit for its intended or reasonably foreseeable use. *Elsasser v American Motors Corp,* 81 Mich App 379; 265 NW2d 339 (1978). Although

contributory negligence is not a defense, misuse of the product is. *Barefield v LaSalle Coca-Cola Bottling Co,* 370 Mich 1; 120 NW2d 786 (1963), *Parsonson v Construction Equipment Co,* 386 Mich 61; 191 NW2d 465 (1971).

Defendants assert that plaintiff Frances Vincent's conduct, in reaching into the die area of the punch press to take out a piece of scrap metal, constituted a misuse of the product, thereby shielding them from liability. The trial court's instructions echo this theory. We find that this theory, and the instructions presenting it, are more closely aligned with the defense of contributory negligence than they are with the defense of misuse. Clearly, it was negligent for Frances Vincent to place her hand in the die space, but this is not to say that it was a misuse of the product. In fact, the product was designed with just such a use foreseen, which accounts for the necessity of the foot switch and die barrier guards.

We find this cause to be controlled by the recent Supreme Court decision in *Tulkku v Mackworth Rees Div of Avis Industries, Inc,* 406 Mich 615; 281 NW2d 291 (1979). In that case, Tulkku also injured his hand reaching into a power press to dislodge a piece of metal stuck in the die space. He brought a products liability action, claiming that defendants had negligently provided an inadequate safety device. The trial court instructed on contributory negligence and this Court affirmed the jury's finding of no cause of action, 76 Mich App 472; 257 NW2d 128 (1978). The Supreme Court reversed.

Expanding upon its holding in *Funk v General Motors Corp,* 392 Mich 91; 220 NW2d 641 (1974), the Court held that there could be no defense of contributory negligence to a claim that the defendant provided inadequate safety devices. The Court explained, 406 Mich at 622-623:

"To allow defendants in this case to invoke the pro-
tection of the contributory negligence doctrine would be
tantamount to subverting the very safety concerns that
the *Koenig [v Patrick Construction Corp,* 298 NY 313;
83 NE2d 133 (1948)] and *Funk* courts extolled as of
paramount importance. Such a position might allow a
manufacturer to escape its duty of due care, as the New
Jersey Supreme Court has noted:
" 'It would be anomalous to hold that defendant has a
duty to install safety devices but a breach of that duty
results in no liability for the very injury the duty was
meant to protect against. We hold that under the facts
presented to us in this case the defense of contributory
negligence is unavailable.' *Bexiga v Havir Manufactur-
ing Corp,* 60 NJ 402, 412; 290 A2d 281 (1972). (Citations
omitted.)"

We find the same logic in order herein. The
instant plaintiffs' claim was based on the inade-
quacy of the safety devices guarding the foot pedal
and the absence of safety devices guarding the die
space. Though this claim was couched in warranty
language, defendants countered with essentially a
contributory negligence defense. Thus, the anoma-
lous situation spoken to in *Tulkku* would still
present itself in the instant factual situation.

The only feature distinguishing *Tulkku* and the
case at bar is that the former involved a negli-
gence-products liability complaint, whereas this
case represents a warranty-products liability com-
plaint. This difference is insubstantial. Products
liability based on negligence or on warranty are
very similar concepts. In the context of adequacy
of warning, the Supreme Court has called the two
theories identical. *Smith v E R Squibb & Sons, Inc,*
405 Mich 79, 88-90; 273 NW2d 476 (1979). In fact,
MCL 600.2945; MSA 27A.2945, which became ef-
fective on December 31, 1978, abandons the dual
concept in favor of a unitary cause of action
labeled simply "products liability".

The issue raised herein has become the topic of a series of magazine and law review articles as of late.[2] In one such law review article,[3] Dean Aaron Twerski suggests:

"In attempting to delineate the appropriate role for the affirmative defenses which arise from plaintiff's interaction with the product, it is first necessary to focus on the defendant's duty in manufacturing a reasonably safe product. The duty of producing a nondefective product under strict liability has been placed on the manufacturer."

Thus, where the harm that has befallen a plaintiff is directly within the risk of the defect against which the manufacturer has a duty to guard, as here, the plaintiff should not be denied recovery due to his own negligence. See *Timmerman v Universal Corrugated Box Machinery Corp,* 93 Mich App 680; 287 NW2d 316 (1979). Because the trial court's instructions on misuse have allowed for just such a jury interpretation, we reject them as erroneous.

Reversed and remanded for a new trial.

[2] Woods, *The Quickening March of Comparative Fault,* Trial Magazine, Vol 15, No 11, p 26, 28-29, November, 1979; Products Liability Task Force, a Bar-Related Annual Report, 58 Mich Bar Journal 524-525 (1979).

[3] Twerski, *From Defect to Cause to Comparative Fault—Rethinking Some Product Liability Concepts,* 60 Marquette L Rev 297 (1977).