OAKWOOD HOMEOWNERS ASSOCIATION, INC v MARATHON
OIL COMPANY

Docket No. 49595. Submitted Febraury 3, 1981, at Detroit.—Decided
March 17, 1981.

The Oakwood Homeowners Association, Inc., a nonprofit orga-
nization, and others brought an action against Marathon Oil
Company and three other defendants in Wayne Circuit Court
seeking declaratory and injunctive relief under the Michigan
Environmental Protection Act, individual damages against the
four defendants jointly and severally for common-law private
nuisance created by air pollution, and joint punitive damages.
Plaintiffs settled with all defendants except Marathon prior to
trial. The jury returned individual verdicts for plaintiffs and
against Marathon and judgment was entered, Susan D. Bor-
man, J. On appeal, Marathon raises three issues: 1) whether
the trial court erred by not reducing, *pro tanto,* the amount of
the judgment by the amount paid by the three settling defen-
dants; 2) whether the trial court erred by awarding interest on
the judgment from the date of the filing of the original com-
plaint rather than the date of filing of the amended complaint
following settlement with the other defendants; and 3) whether
plaintiffs were estopped from maintaining and enforcing a
judgment against Marathon because plaintiffs alleged a nui-
sance created by four defendants, settled with three of the
defendants, and received a satisfaction of judgment from the
three. *Held:*

.1. The jury found that the damages caused by Marathon
were separate and independent from the damages caused by
the three other defendants and made an award to each plaintiff
without reducing the award by the amount the three settling

REFERENCES FOR POINTS IN HEADNOTES
[1] 74 Am Jur 2d, Torts §§ 76, 77.
[2] 22 Am Jur 2d, Damages §§ 27, 28.
  58 Am Jur 2d, Nuisances §§ 117, 121.
[3] 22 Am Jur 2d, Damages § 19.
  58 Am Jur 2d, Nuisances §§ 115, 117, 122.
[4] 61A Am Jur 2d, Pollution Control § 513.
[5] 46 Am Jur 2d, Judgments §§ 385, 386, 542-545.

defendants had paid. Where two or more persons, acting independently, tortiously cause distinct harms or a single harm for which there is a reasonable basis for division according to the contribution of each, each is subject to liability only for the portion of the total harm that he himself caused. Therefore, when damages are apportionable, no deduction of the amount paid by the settling defendants is mandated. The trial court was correct in not reducing, *pro tanto,* the amount of the judgment.

2. The interest statute states that interest shall be allowed on any money judgment recovered in a civil action from the date of the filing of the complaint. Plaintiffs' amended complaint did not include any new claim for damages and did not allege any new occurrences or transactions based on the alleged nuisance. The trial court did not err by awarding plaintiffs interest from the date of the filing of the original complaint.

3. The rule precluding the subsequent maintenance of an action against one obligor because of the satisfaction against another obligor does not prevail where the same debt, obligation, or cause of action is not involved. The jury found that the damages caused by Marathon were independent, separate and divisible from those of the three other defendants. A satisfaction of judgment from the other defendants does not bar a judgment or enforcement of the judgment rendered against Marathon.

Affirmed.

1. TORTS — LIABILITY — LIMITATION OF LIABILITY.

Each person, if there are two or more, who, acting independently, tortiously cause distinct harms or a single harm for which there is a reasonable basis for division according to the contribution of each, is subject to liability only for the portion of the total harm that he himself caused.

2. NUISANCE — DAMAGES — PERMANENT INJURY.

A plaintiff may recover future or prospective damages, as well as past damages, in a nuisance case where the injury is permanent.

3. NUISANCE — DAMAGES — TEMPORARY, RECURRENT OR REMOVABLE INJURY.

A plaintiff who seeks, in one action, both equitable relief by an abatement of a nuisance and damages may recover damages occurring after the commencement of the action and extending up to the time of trial where the injury is of a temporary, recurrent or removable character.

4. Torts — Pollution — Causes of Action.
    The cause of action in a normal pollution case accrues up to the time of trial because the tort is committed every day.

5. Actions — Defenses — Satisfaction of Common Debt.
    The rule precluding the subsequent maintenance of an action against one obligor because of the satisfaction against another obligor does not prevail where the same debt, obligation, or cause of action is not involved.

*Donnelly W. Hadden, P.C.,* for plaintiffs.

*Butzel, Long, Gust, Klein & Van Zile* (by *Leslie W. Fleming),* for defendant on appeal.

Before: Bronson, P.J., and M. F. Cavanagh and N. J. Kaufman, JJ.

Per Curiam. Plaintiffs commenced this action against four defendants seeking declaratory and injunctive relief pursuant to the Michigan Environmental Protection Act, MCL 691.1201 *et seq.;* MSA 14.528(201) *et seq.;* individual damages against the four defendants jointly and severally for common-law private nuisance created by air pollution; and joint punitive damages. Plaintiffs' complaint alleged that defendants have concurrently emitted and continued to emit into the atmosphere noxious aerosols, gases and particulate matter of sufficient volume and regularity to befoul the air, damage plaintiffs' property and endanger the health of some class members.

Prior to trial, plaintiffs settled with three of the defendants, and each plaintiff executed a covenant not to sue. As provided in the settlement agreement, a consent judgment and satisfaction of judgment was entered. Also, an amended complaint was filed deleting any reference to the settling defendants, leaving unchanged the allegations against defendant Marathon. Following trial, the

jury returned individual verdicts for plaintiffs. Marathon appeals as of right and raises three issues on this appeal.

Marathon first claims that the trial court erred by not reducing the amount of the judgment, *pro tanto,* by the amount paid by the three settling defendants. At the trial, the jury was instructed that if they could separate the injuries caused to plaintiffs by Marathon from the injuries caused by the three settling defendants, then they should do so. The trial court also instructed the jury that if they decided that the damages were indivisible, then they should award plaintiffs a total amount of damages from which they would subtract the amount paid by the three settling defendants. The jury found that the damages caused by Marathon were separate and independent from the three other defendants and made an award to each plaintiff without reducing the award by the amount the three settling defendants had paid. We find that the trial court was correct in not reducing, *pro tanto,* the amount of the judgment.

If two or more persons, acting independently, tortiously cause distinct harms or a single harm for which there is a reasonable basis for division according to the contribution of each, each is subject to liability only for the portion of the total harm that he himself caused. Restatement Torts, 2d, § 881, p 326, and § 433A, p 434, *Maddux v Donaldson,* 362 Mich 425; 108 NW2d 33; 100 ALR2d 1 (1961), *Michie v Great Lakes Steel Division, National Steel Corp,* 495 F2d 213 (CA 6, 1974), *cert den* 419 US 997; 95 S Ct 310; 42 L Ed 2d 270 (1974). Therefore, when damages are apportionable, no deduction of the amount paid by the settling defendants is mandated.

Marathon next claims that the trial court erred

by awarding interest on the judgment from the date of the filing of the original complaint. Plaintiffs filed an amended complaint after they settled with the three other defendants. The amended complaint deleted any reference to the three defendants, but otherwise was identical to the original complaint. Marathon's claim that plaintiffs should only have been allowed interest from the date of the filing of the amended complaint is without merit.

MCL 600.6013; MSA 27A.6013 states in pertinent part:

"Interest shall be allowed on any money judgment recovered in a civil action, such interest to be calculated from the date of filing the complaint at the rate of 6% per year."

In a nuisance case, where the injury is permanent, a plaintiff may recover future or prospective, as well as past damages. Where the injury is of a temporary, recurrent or removable character, a plaintiff may recover damages occurring after the commencement of the action if he seeks in one action both equitable relief by an abatement of the nuisance and damages, in which case, damages may be awarded to the time of trial. 66 CJS, Nuisances, § 171, p 976. In a normal pollution case, since the tort is committed every day, the cause of action will accrue up to the time of trial. See *Oakwood Homeowners Ass'n, Inc v Ford Motor Co,* 77 Mich App 197, 220, fn 7; 258 NW2d 475 (1977), *lv den* 402 Mich 847 (1978).

Also, Marathon incorrectly asserts that plaintiffs' amended complaint was actually a supplemental complaint. Other than deleting the names of the three settling defendants from the original complaint, the amended complaint was identical to

the original complaint. Therefore, the amended complaint did not include any new claim for damages and did not allege any new occurrences or transactions based on the alleged nuisance. The trial court did not err by awarding plaintiffs' interest from the date of the filing of the original complaint.

Marathon's third claim of error is that plaintiffs are estopped from maintaining and enforcing a judgment against Marathon because plaintiffs alleged a nuisance created by four defendants, settled with three of the defendants, and received a satisfaction of judgment from them. Marathon's arguments are without merit because they are based on the premise that plaintiffs claimed that the four defendants created an indivisible injury. Plaintiffs actually claimed that each defendant caused separate injuries even though their actions occurred at the same time. The jury found that the damages caused by Marathon were independent, separate and divisible from the three other defendants. The rule precluding the subsequent maintenance of an action against one obligor because of the satisfaction against another obligor does not prevail where the same debt, obligation, or cause of action is not involved. 47 Am Jur 2d, Judgments, § 993, pp 89, 90. Also, as previously stated, if two or more persons, acting independently, tortiously cause distinct harms or a single harm for which there is a reasonable basis for division according to the contribution of each, each is subjected to liability only for the portion of the total harm that he has himself caused. Therefore, a satisfaction of judgment from three of the other defendants does not bar a judgment or enforcement of the judgment rendered against Marathon, the remaining defendant.

Affirmed. Costs to plaintiffs.