FERDIG v MELITTA, INCORPORATED

Docket No. 51256. Submitted August 19, 1981, at Detroit.—Decided April 21, 1982.

Madelin Ferdig brought suit in Wayne Circuit Court against Melitta, Incorporated, and J. L. Hudson Company for damages based on negligence, breach of implied warranty and breach of express warranty. The plaintiff had suffered injuries from the spilling of hot water on her legs while she was using a coffee filtering apparatus manufactured by Melitta and sold to the plaintiff by Hudson's. The court, George T. Martin, J., granted a directed verdict in favor of Hudson's on the negligence and express warranty allegations. Subsequently, the jury found that: (1) Melitta was negligent and that such negligence was a proximate cause of the plaintiff's injuries; (2) the plaintiff was negligent and that her negligence was a proximate cause of her injuries and damages; (3) as to the relative negligence of each, Melitta was 15% negligent and the plaintiff was 85% negligent; and (4) Melitta breached an express warranty that was a proximate cause of the plaintiff's injuries. The jury further found that neither Melitta nor Hudson's were liable on a

REFERENCES FOR POINTS IN HEADNOTES

[1] 63 Am Jur 2d, Products Liability § 1.

[2] 63 Am Jur 2d, Products Liability § 32.
Am Jur 2d New Topic Service, Comparative Negligence §§ 1, 41.
Modern development of comparative negligence doctrine having applicability to negligence actions generally. 78 ALR3d 339.

[3, 4] 57 Am Jur 2d, Negligence §§ 288, 303.
63 Am Jur 2d, Products Liability §§ 32, 99.

[4] Contributory negligence or assumption of risk as defense to action for personal injury, death, or property damage resulting from alleged breach of implicit warranty. 4 ALR3d 501.

[5] Am Jur 2d New Topic Service, Comparative Negligence § 42.
Contribution or indemnity between joint tortfeasors on basis of relative fault. 53 ALR3d 184.
Comparative negligence rule where misconduct of three or more persons in involved. 8 ALR3d 722.

[6, 8] 63 Am Jur 2d, Products Liability § 27.

[7] 57 Am Jur 2d, Negligence §§ 1, 66-69.

[9] 74 Am Jur 2d, Torts §§ 61, 71.

breach of implied warranty theory. The court entered a judgment for the plaintiff reducing the damages by 85% to reflect the jury's determination. The plaintiff appeals alleging that: (1) the trial judge committed three errors regarding the admission of proofs on the issue of defective design of the coffee filter; (2) the trial court erred in reducing the damages by 85% because the jury found liability based upon an express warranty in addition to its finding of liability based upon negligence and no reduction should have been made; and (3) the trial court erred in directing the verdict in favor of Hudson's as to the negligence count. *Held:*

1. The trial court did not err in prohibiting the plaintiff from introducing exhibits of other, safer products to the jury until it had been established that those exhibits were manufactured prior to the accident or in ruling that the proposed exhibit of another coffee filter device manufactured by Melitta, which the plaintiff argues was of a safer design and which was purchased shortly after the plaintiff's accident, was inadmissible. The trial judge carefully considered the evidence offered by the plaintiff and determined that the evidence was inadequate to prove that the safer products predated the accident. Furthermore, during the cross-examination of an expert witness called by Melitta, the above filter devices were admitted into evidence. The trial court erred in striking from the record testimony of one of the plaintiff's expert witnesses that there was no clamping or locking device on the coffee filter purchased by the plaintiff that would have prevented it from slipping off center. However, this error was harmless because even a cursory inspection of the filter reveals that it has no clamping or locking devices. It would be against logic and reason to hold that the jury was not aware of the absence of such devices.

2. The trial court erred in reducing the amount of damages by 85% because the jury found tht Melitta had expressly warranted that its coffee filtering device could be used with the type of coffee pot pictured on the package. The Legislature did not intend to expand the concept of contributory negligence when it enacted the statute on comparative negligence in products liability cases. Comparative negligence was intended simply as a substitute in those cases in which contributory negligence could have been raised as a defense prior to enactment of the statute.

3. The Court of Appeals declines to address the issue of whether the trial court erred in granting a directed verdict for Hudson's on the negligence count because the plaintiff is entitled to collect the whole judgment from any defendant without

regard to the relative degree of fault between the defendants according to the doctrine of joint and several liability. Melitta would have been entitled to contribution from Hudson's in the event that the jury found Hudson's liable on the negligence theory, but Melitta has not appealed the trial court's ruling on that issue.

Affirmed in part and reversed in part.

T. M. BURNS, J., dissented. He believes that the trial judge erred in directing a verdict for Hudson's as to the negligence count in the plaintiff's complaint because the question of whether Hudson's acted as a reasonably prudent seller is one that should have been decided by the trier of fact. Furthermore, the question of whether Hudson's and Melitta are joint and several tortfeasors is also a question of fact for a jury to determine because if a finder of fact is able to determine that one tortfeasor has caused one harm and that another has caused a different harm, each is required to respond only for the injury that has been determined to have been caused by him. Although the plaintiff is permitted to have only a single satisfaction for each of the injuries that she sustained, she is entitled to have a jury determine whether the injury caused to her by Melitta can be fairly distinguished from the injury, if any, caused to her by Hudson's.

OPINION OF THE COURT

1. PRODUCTS LIABILITY — ACTIONS.

A products liability action means an action based on any legal or equitable theory of liability brought for or on account of death or injury to a person or property caused by or resulting from the manufacture, construction, design, formula, development of standards, preparation, processing, assembly, inspection, testing, listing, certifying, warning, instructing, marketing, advertising, packaging, or labeling of a product or a component of a product (MCL 600.2945; MSA 27A.2945).

2. PRODUCTS LIABILITY — COMPARATIVE NEGLIGENCE.

The Legislature did not intend to expand the concept of contributory negligence when it enacted the statute on comparative negligence in products liability cases; the comparative negligence doctrine was intended simply as a substitute in those cases in which contributory negligence could have been raised as a defense prior to enactment of the statute (MCL 600.2949[1]; MSA 27A.2949[1]).

3. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — EXPRESS WARRAN-
   TIES.

   Contributory negligence is not available as a defense in cases
   where express warranties are given.

4. NEGLIGENCE — BUYER'S NEGLIGENCE — BREACH OF WARRANTY.

   Negligence on the part of a buyer should not operate as a defense
   to a breach of warranty; if the manufacturer chooses to extend
   the scope of his liability by certifying certain qualities as
   existent, the negligent acts of a buyer, bringing about the
   revelation that the qualities do not exist, should not defeat
   recovery by the buyer.

5. NEGLIGENCE — COMPARATIVE NEGLIGENCE — JOINT AND SEVERAL
   LIABILITY.

   The adoption of comparative negligence in Michigan has not
   resulted in the abandonment of joint and several liability; a
   plaintiff is entitled to collect the whole judgment from any
   defendant found to be liable without regard to the relative
   degree of fault between the defendants.

DISSENT BY T. M. BURNS, J.

6. VENDOR AND PURCHASER — NEGLIGENT MANUFACTURE.

   *Generally, a vendor who distributes a product acquired in the
   open market is not liable for its negligent manufacture.*

7. NEGLIGENCE — NEGLIGENT CONDUCT.

   *Negligent conduct is conduct that involves an unreasonable risk
   of harm and it is the standard of reasonableness, not some
   artificial rule, by which a party's conduct must be judged in a
   negligence action.*

8. SALES — DEFECTIVE PRODUCTS.

   *A seller is liable for injuries caused by a defect in a product that
   he sells if he knows or in the exercise of reasonable care should
   have known of the existence of the defect in that product.*

9. TORTS — SEPARATE TORTFEASORS.

   *Each tortfeasor in an action based in tort is required to respond
   only for the injury that has been determined to have been
   caused by him where a finder of fact is able to determine that
   one tortfeasor has caused one harm and that another has
   caused a different harm.*

*James A. Brescoll (Gromek, Bendure & Thomas,* of counsel), for plaintiff.

*Seavitt, Westcott, Stowe & Magnuson,* for defendant.

Before: J. H. GILLIS, P.J., and T. M. BURNS and N. J. KAUFMAN, JJ.

J. H. GILLIS, P.J. Plaintiff appeals by right from the trial court's denial of her motion for a new trial.

Plaintiff brought suit to recover damages for injuries she sustained when hot water spilled on her legs while she was using a coffee filtering apparatus manufactured by defendant Melitta and sold to the plaintiff by defendant J. L. Hudson Company (hereinafter Hudson's). Plaintiff's theories against both defendants included negligence, breach of implied warranty and breach of express warranty.

In support of her claim that her injuries resulted from a defect in the plastic coffee-filter top, the plaintiff presented the testimony of a registered professional engineer. This expert testified that he had examined the filter top in question along with the instruction pamphlet and the glass coffee pot purchased by the plaintiff. He noted that the instructions pictured a glass coffee pot, similar to that purchased by plaintiff, being used with the Melitta filter holder. The expert testified that the accident occurred because the coffee filter holder did not sit flat on the coffee pot because of a ridge around the periphery of the disc-shaped base of the filter. It was the expert's opinion that the disc on the filter was too small and would slip sideways approximately one inch and could easily spill its contents of hot water if it were bumped. The

expert noted that there were no warnings in the instructions that cautioned a user about this danger. Although the expert also testified that the filter device used by the plaintiff had no clamping or locking device to prevent it from slipping off center, this testimony was stricken on a motion of defense counsel on the ground that the lack of such devices was irrelevant to the present case.

At the close of plaintiff's proofs, the trial court granted a directed verdict in favor of Hudson's on the negligence and express warranty allegations. The remaining claims by agreement of the parties were submitted to the jury by way of a special verdict form. The jury found that: 1) Melitta was negligent and that such negligence was a proximate cause of the plaintiff's injuries and damages; 2) the plaintiff was negligent and that her negligence was a proximate cause of her injuries and damages; 3) as to the relative negligence of each, Melitta was 15% negligent and the plaintiff was 85% negligent; and 4) Melitta's breach of an express warranty was a proximate cause of the plaintiff's injuries. The jury further found that neither Melitta nor Hudson's were liable on a breach of implied warranty theory. The jury assessed damages at $10,000. The court's order of judgment reduced the damages by 85% and entered a judgment in the amount of $1,500 to reflect the jury's finding that plaintiff was 85% negligent.

Plaintiff first argues that the trial judge committed three errors regarding the admission of proofs on the issue of defective design of the coffee filter. First, she argues that the lower court erred in granting defendants' motion *in limine* which prohibited plaintiff from showing any exhibits of other, safer products to the jury until it was established that these exhibits were manufactured

prior to her accident. Next, plaintiff argues that the trial judge erred in ruling that the proposed exhibit number 21 was inadmissible. This exhibit, another coffee filter device manufactured by defendant Melitta which plaintiff argues was of a safer design, was purchased shortly after plaintiff's accident. The plaintiff testified that this safer device was one of the items pictured on a box of coffee filters that she purchased prior to her accident. Finally, plaintiff argues that the trial judge erred in striking the testimony of her expert that there were no clamping or locking devices on the coffee filter purchased by the plaintiff that would have prevented it from slipping slightly off center.

With regard to the first two of these evidentiary rulings, it is apparent that the trial judge was concerned that improper evidence of subsequent remedial measures not be introduced in contravention of MRE 407. At the outset of the trial, the judge made it clear to the plaintiff that she could not introduce evidence of any safety devices until she had shown that they predated the accident. Plaintiff attempted to show this but was unable to do so. The record reflects that the trial judge carefully considered the evidence presented by the plaintiff and determined that it was inadequate to prove that the safer products predated the accident. Based on the record before us, we cannot say that the trial judge abused his discretion. *Gaydos v White Motor Corp,* 54 Mich App 143; 220 NW2d 697 (1974).

Further, during the cross-examination of an expert witness offered by defendant Melitta, the plaintiff's exhibits were admitted into evidence. Thus, the plaintiff was permitted to show to the jury that safer products existed. Any error in the trial judge's initial exclusion of plaintiff's exhibits

from evidence was rendered harmless. The fact that the plaintiff chose not to recall her expert to the stand to elicit further testimony based upon these exhibits undermines her argument that she was deprived of valuable testimony of her expert witness on the state of the art.

With respect to the plaintiff's third claim of error, that the trial judge improperly struck from the record her expert's testimony that there was no clamping or locking device on the coffee filter purchased by the plaintiff that would have prevented it from slipping off center, we agree that this ruling was erroneous. Plaintiff's complaint alleges that defendant Melitta either designed or marketed a coffee filtering device in a manner that provided no means of preventing it from slipping sideways and becoming unstable. Therefore, it is clear that the testimony of the plaintiff's expert was relevant. The question then becomes whether the trial judge's erroneous ruling was harmless. We believe that it was.

The coffee filter purchased by the plaintiff that caused her injuries was introduced into evidence at trial and was available for the jury's inspection. Even a cursory inspection of the filter shows that there is no clamping or locking device on it. Thus, although the plaintiff's expert witness was not permitted to testify as to the absence of such clamps or locking devices, it would be against logic and reason for us to hold that the jury was not aware of the absence of such devices.

The plaintiff challenges the trial court's reduction of damages from $10,000 to $1,500 arguing that because the jury found liability based upon an express warranty in addition to its finding of liability based upon negligence, no reduction should have been made. We presume, as does the

plaintiff, that the trial court's reduction of the judgment was based on application of the statute on comparative negligence in products liability cases, which reads as follows:

"In all products liability actions brought to recover damages resulting from death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or the plaintiff's legal representatives, but damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff." MCL 600.2949(1); MSA 27A.2949(1).

The question before us then is whether this statute applies where liability is based upon an express warranty.

"Products liability action" is defined in MCL 600.2945; MSA 27A.2945 as follows:

"As used in sections 2946 to 2949 and section 5805, 'products liability action' means an action based on any legal or equitable theory of liability brought for or on account of death or injury to person or property caused by or resulting from the manufacture, construction, design, formula, development of standards, preparation, processing, assembly, inspection, testing, listing, certifying, warning, instructing, marketing, advertising, packaging, or labeling of a product or a component of a product."

This definition, being as broad as it is, includes products liability actions based upon an express warranty.[1]

---

[1] The definition seems to respond to Judge (now Justice) Levin's frustration with the various labels used in products liability cases:

"Indeed, it might be helpful if we abandoned the continued use in this context of our present and misleading terminology of warranty and representation, express and implied, and strict liability in tort, and simply refer to the manufacturer's liability by the neutral term

Reading these statutes together, it would appear that a plaintiff's damages must be reduced by the amount of his or her own negligence even though liability is based upon the manufacturer's breach of an express warranty.

Prior to enactment of the statute, contributory negligence applied only to those cases in which liability was based upon negligence. Where the injury was the result of a breach of warranty, whether express or implied, any contributory negligence of the plaintiff would not operate to bar recovery. See *Bahlman v Hudson Motor Car Co,* 290 Mich 683; 288 NW 309 (1939) (express warranty), *Piercefield v Remington Arms Co, Inc,* 375 Mich 85, 95; 133 NW2d 129 (1965), *Kujawski v Cohen,* 56 Mich App 533, 542; 224 NW2d 908 (1974).

Moreover, an exception to the rule that contributory negligence applies in cases based upon negligence was developed in *Tulkku v Mackworth Rees Division of Avis Industries, Inc,* 406 Mich 615; 281 NW2d 291 (1979). In *Tulkku,* the Supreme Court held that contributory negligence does not apply where the alleged negligence involves the manufacturer's failure to provide adequate safety devices in an industrial setting.

Thus, prior to the effective date of the statutes in question, contributory negligence could be raised as a defense only in nonsafety-device negligence actions. Where liability was based upon an express warranty, implied warranty, or safety device negligence, the concept was not applicable. This was so in warranty cases because negligence was irrelevant. In safety device negligence cases the rule was a matter of policy to foster work safety.

---

'product liability.'" *Cova v Harley Davidson Motor Co,* 26 Mich App 602; 182 NW2d 800 (1970).

The application of the statute on comparative negligence in products liability cases was not addressed by the Supreme Court in *Tulkku.* Instead, the Court remanded the case to the Court of Appeals for consideration of that issue. 407 Mich 1148 (1979).

On remand, the Court concluded that the Legislature intended the statute to have retroactive as well as prospective effect, 101 Mich App 709, 718; 301 NW2d 46 (1980), and thus was applicable to the action even though the accident out of which the litigation arose occurred prior to the effective date of the statute.

The Court then addressed the application of the statute. It noted that the statute on comparative negligence ties the diminution of the plaintiff's damages to the "amount of negligence attributed to plaintiff". It concluded that since no negligence can be attributed to the plaintiff in a safety device case as a matter of law, the statute on comparative negligence would not apply.[2]

The Court at 723, quoted the following language from a New Jersey case before arriving at its conclusion:

" 'We hold that the Comparative Negligence Act is applicable in strict liability to those situations in which contributory negligence would have been a defense. However, we are not expanding the concept of contributory negligence, *and comparative negligence is immaterial* when no contributory negligence exists either factu-

---

[2] See also *Timmerman v Universal Corrugated Box Machinery Corp,* 93 Mich App 680; 287 NW2d 316 (1979), *Vincent v Allen Bradley Co,* 95 Mich App 426; 291 NW2d 66 (1980). Both were safety device cases. *Vincent* decided the issue without specifically addressing MCL 600.2949; MSA 27A.2949, although MCL 600.2945; MSA 27A.2945 was noted. *Timmerman* squarely decided the issue but without, as noted in *Tulkku v Mackworth Rees Division of Avis Industries, Inc (On Remand),* 101 Mich App 709; 301 NW2d 46 (1980), much discussion.

ally or as a matter of law.' (Emphasis added.)" *Suter v San Angelo Foundry & Machine Co,* 81 NJ 150; 406 A2d 140 (1979).

We borrow from the *Suter* analysis in concluding that our Legislature did not intend to expand the concept of contributory negligence when it enacted the statute on comparative negligence in products liability cases. Comparative negligence was intended simply as a substitute in those cases in which contributory negligence could have been raised as a defense prior to enactment of the statute.

Contributory negligence has never been an available defense in cases involving express warranties. The case of *Bahlman v Hudson Motor Car Co, supra,* demonstrates the reason for this rule. In *Bahlman,* the manufacturer of 1936 Hudson sedans represented that the car which the plaintiff bought had a seamless roof. This was touted as a new safety feature. As a matter of fact, the roof was not seamless. This was revealed when the plaintiff was involved in an accident in which the car overturned. The impact exposed the jagged edges of the seam, injuring the plaintiff's head. In the plaintiff's suit against the manufacturer of the car, the defendant attempted to raise the defense of contributory negligence. The Supreme Court rejected this, finding that although it was "undoubtedly true that the negligence of the [plaintiff] caused the car to overturn" such negligence was readily and reasonably foreseeable by the manufacturer.

The case of *Hansen v Firestone Tire & Rubber Co,* 276 F2d 254 (CA 6, 1960), further explained the rule. In *Hansen,* the plaintiff purchased four tubeless tires which utilized the rim as part of the air chamber. The brochure given to the plaintiff

proclaimed that the new tires had been made to fit any standard rim. The tire was represented to contain various safety blow out features and as having, *inter alia,* "greater corner power, more control, more safety". However, when the plaintiff drove around a sharp curve, the car went out of control. When examined after the accident, the two right tires were deflated and not in contact with the outside rim.

In reinstating a jury verdict in favor of the plaintiff, the Court, applying *Bahlman,* stated at 258:

"Negligence on the part of the buyer would not operate as a defense to the breach of warranty. *If the manufacturer chooses to extend the scope of his liability by certifying certain qualities as existent, the negligent acts of the buyer, bringing about the revelation that the qualities do not exist, would not defeat recovery."* (Emphasis supplied.)

The situation in the case at bar is similar. The jury found that Melitta had expressly warranted that its coffee filtering device could be used with the type of coffee pot pictured on the package. The plaintiff purchased just such a coffee pot. The fact that the plaintiff's negligence revealed that the pictured coffee pot was not, as expressly warranted, appropriate for use with Melitta's filter should not defeat recovery. Accordingly, the trial judge erred in reducing the amount of the judgment from $10,000 to $1,500. The $10,000 judgment is hereby reinstated.

Plaintiff also assigns as error the trial court's grant of a directed verdict in favor of defendant Hudson's as to the negligence count in the plaintiff's complaint. Without deciding the issue, we fail to see how the plaintiff has been prejudiced in this

regard. The adoption of comparative negligence in Michigan has not resulted in the abandonment of joint and several liability. *Caldwell v Cleveland-Cliffs Iron Co,* 111 Mich App 721; 315 NW2d 186 (1981), *Weeks v Feltner,* 99 Mich App 392; 297 NW2d 678 (1980). A plaintiff is entitled to collect the whole judgment from any defendant without regard to the relative degree of fault between the defendants. *Caldwell, supra,* and *Weeks, supra.*

Therefore, even assuming that the trial judge erred in granting the directed verdict on the negligence count as to Hudson's, and further assuming that the jury would have found Hudson's liable, plaintiff's damages are still only $10,000. Plaintiff may presently collect this amount from Melitta.

The only party with standing to complain of the directed verdict is Melitta. Melitta would have been entitled to contribution from Hudson's in the event that the jury found Hudson's liable on the negligence theory. Yet Melitta has not appealed the trial court's ruling on the issue and there is no other indication that Melitta is unwilling to pay the judgment. Therefore, we decline to address the issue.

Affirmed in part and reversed in part. Pursuant to GCR 1963, 820.1(7), the jury verdict of $10,000 is reinstated without reduction. No costs.

N. J. KAUFMAN, J., concurred.

T. M. BURNS, J. *(dissenting).* Respectfully, I dissent from the majority's failure to find that the trial judge erred in directing a verdict in favor of defendant J. L. Hudson Company on the negligence count in the plaintiff's complaint. The basis of the trial judge's ruling was that a retailer has no duty to inspect goods in a sealed package.

In *Shirley v Drackett Products Co,* 26 Mich App

644, 648; 182 NW2d 726 (1970), this Court stated, "As a general rule, a vendor who distributes a product acquired in the open market is not liable for its negligent manufacture". See also *Camden Fire Ins Co v Peterman,* 278 Mich 615; 270 NW 807 (1937). Defendants argue that the statement in *Shirley* implicitly recognizes that the sealed package doctrine exists in Michigan.

However, even if this doctrine once was established in Michigan, it is of doubtful viability at this time. The existing controlling legal principles governing matters of negligence are not artificial ones such as the sealed package doctrine or the now discredited "stop, look and listen doctrine" once used in automobile-railroad collision cases. Rather, as was stated by the Supreme Court in *Moning v Alfono,* 400 Mich 425; 254 NW2d 759 (1977), negligent conduct is conduct that involves an unreasonable risk of harm and it is the standard of reasonableness, not some artificial rule, by which a party's conduct must be judged. Thus, a seller is liable for injuries caused by a defect in a product he sells if he knows or in the exercise of reasonable care should have known of the existence of the defect in that product. *Blanchard v Monical Machinery Co,* 84 Mich App 279; 269 NW2d 564 (1978).

The application of the reasonably-prudent-seller standard to retailers displaces any prior rules of law, such as the one asserted by the defendants here. Inasmuch as the question of whether defendant Hudson's acted as a reasonably prudent seller is one that should have been decided by the trier of fact, the trial judge erred in directing a verdict as to the negligence count of the plaintiff's complaint.

The majority erroneously decides that Melitta

and Hudson's are joint and several tortfeasors. This is a question of fact for a jury to determine. See *Oakwood Homeowners Ass'n, Inc v Marathon Oil Co,* 104 Mich App 689, 692; 305 NW2d 567 (1981). If a finder of fact is able to determine that one tortfeasor has caused one harm and that another has caused a different harm, each is required to respond only for the injury that has been determined to have been caused by him. *Maddux v Donaldson,* 362 Mich 425; 108 NW2d 33 (1961).

The plaintiff's theory of recovery against Hudson's is distinct from her theory of recovery against Melitta. Contrary to the deceptive logic of the majority opinion, the plaintiff has been harmed by the trial judge's ruling because it precluded her from proceeding to a final judgment on the merits of her claim against Hudson's. She has the right to a judgment against each defendant even if they are jointly liable. *Moffit v Endtz,* 232 Mich 2; 204 NW 764 (1925). Thus, although the plaintiff is permitted only a single satisfaction for each of the injuries that she sustained, she is entitled to have a jury determine whether the injury caused to her by Melitta can be fairly distinguished from the injury, if any, caused to her by Hudson's.

With the exception of the foregoing, I concur in the remainder of the majority's resolution of the issues raised in this appeal.